[No. 40192.    Department One.    December 26, 1968.]

*In the Matter of the Application for a Writ of Habeas Corpus of* FLOYD E. GARRISON, *Appellant,* v. B. J. RHAY, *as Superintendent of the State Penitentiary, Respondent.*\*

*Floyd E. Garrison,* pro se.

*The Attorney General* and *William E. Howard, Assistant,* for respondent.

ROSELLINI, J.—The appellant is incarcerated in the state penitentiary at Walla Walla, serving sentences on two separate convictions of first degree forgery, one of second de-

\*Reported in 449 P.2d 92.

gree assault, and one of escape. He petitioned the Superior Court for Walla Walla County for a writ of habeas corpus alleging that the conviction on the escape charge was illegal and void. He appeals from the denial of that petition.

At the arraignment before the Superior Court for Clallam County on the charge of escape, the appellant waived his right to counsel, both orally and in writing, and entered a plea of guilty. He was sentenced on October 15, 1964. Subsequently it was learned that the maximum term of confinement on that charge had been incorrectly set, and he was returned in February 1965 to Clallam County for the correcting of the sentence previously imposed. The sentence was reduced from a maximum of 20 years to a maximum of 10 years.

When he appeared before the court on that occasion, he requested the appointment of counsel to represent him at the hearing. The trial court advised him that, since he had at the arraignment waived counsel, the court was without authority to appoint counsel to represent him at a subsequent stage of the proceedings. The appellant requested a continuance for the purpose of employing counsel. He was granted a continuance of 1 week; and when he again appeared before the court, he requested an additional continuance, stating that he was still endeavoring to obtain counsel. An additional continuance of 1 week was granted. When he appeared at the end of that week and requested a further extension for the same purpose, the court denied the request and proceeded to enter the corrected sentence.

The following day the appellant prepared a petition for writ of habeas corpus addressed to the Superior Court for Clallam County. Since the appellant was being returned to the state reformatory at Monroe the following day, the superior court refused or in any event failed to act on the petition. The propriety of that refusal or failure was not questioned in any court until this habeas corpus proceeding was instituted in Walla Walla County on January 23, 1968.

As we construe the appellant's contentions, the first is that his plea of guilty was not voluntary. He does not say

that he did not understand the nature of the charge against him, or of his right to counsel and other constitutional rights, or that he was incapable of making a free, unequivocal, understanding, and intelligent plea of guilty; but he alleges that his plea was induced by promises of the prosecutor. The alleged promises were to refrain from prosecuting the appellant for certain other acts and to recommend a light sentence. The findings of the superior court in this habeas corpus proceeding are that, if such promises were made, they were kept, inasmuch as the appellant was not charged with any other offense in Clallam County and the prosecutor recommended a minimum sentence of 2 years.

■ The mere fact that a plea of guilty was induced by promises does not vitiate the plea if it was in fact voluntary and if the promises were kept. While we have not enunciated this rule in the affirmative, it is implicit in our holdings in *In re Darnell v. Timpani,* 68 Wn.2d 666, 414 P.2d 782 (1966) (holding that the prosecutor's failure to keep his promises was a sufficient ground for setting aside a conviction and allowing a defendant to change his plea); *In re Salter,* 50 Wn.2d 603, 313 P.2d 700 (1957) (holding that there was no showing of coercion where defendant's plea of guilty was induced by the reduced charge); *In re Allen v. Cranor,* 45 Wn.2d 25, 272 P.2d 153 (1954) (holding that a writ of habeas corpus was properly granted where evidence showed that the prosecutor had misled the defendant about the possibility of a minimum sentence, thereby inducing his plea of guilty); and *In re Thompson v. Smith,* 33 Wn.2d 142, 204 P.2d 525 (1949) (sustaining the trial court's finding that there was no coercion, where the prosecutor admitted he told the defendant he would not file habitual criminal charges against him if he would plead guilty to the offense charged, and the prosecutor did in fact abide by the promise).

As the court said in *Cortez v. United States,* 337 F.2d 699 (9th Cir. 1964), the important thing is not that there shall be no "deal" or "bargain," but that the plea shall be a genuine one by a defendant who is guilty, one who under-

stands his situation, his rights, and the consequences of the plea, and is neither deceived nor coerced.

The record shows that the appellant was unquestionably guilty of the crime of escape, and in fact he makes no pretense of denying his guilt. The record, which includes evidence of the appellant's previous appearances in court on criminal charges, wherein he was represented by counsel, supports the superior court's finding that his plea of guilty on the escape charge was voluntary, unequivocal, and understandingly and intelligently entered.

The sustaining of this finding disposes of a further contention of the appellant that his conviction was void because he was held incommunicado for 2 days after his arrest as an escapee. The appellant offers no showing that his plea of guilty was influenced by this occurrence.

■ A plea of guilty, voluntarily made, waives the right to trial and all defenses other than that the complaint, information, or indictment charges no offense. *In re Woods v. Rhay*, 68 Wn.2d 601, 414 P.2d 601 (1966), *cert. denied* 385 U.S. 905, 17 L. Ed. 2d 135, 87 Sup. Ct. 215 (1966). We held in that case that the waiver covered the right to complain of a delay between the arrest of the defendant and his arraignment. Without considering the appellant's contention that an escapee from a state penal institution has a right to counsel after his arrest but before he is charged with the offense of escape, we hold that he may not later complain of the procedure after he has entered a voluntary plea of guilty.

It is next contended that the appellant was denied his constitutional right to counsel at the hearing to correct the sentence. The Attorney General maintains that this hearing was a part of the proceedings to which his waiver applied. He also points out that the action taken at the hearing was in no way harmful to the appellant but rather benefited him, since his sentence was reduced.

We need not decide whether the waiver extended to the post conviction proceeding for the correction of the sentence. Assuming that a case might arise wherein the de-

fendant was seriously prejudiced by the denial of counsel at such a hearing, this is not such a case.

■ The constitutional right to have the assistance of counsel arises at any critical stage of the proceedings, and a critical stage is one in which there is a possibility that a defendant is or would be prejudiced in the defense of his case. *State v. Jackson*, 66 Wn.2d 24, 400 P.2d 774 (1965). The appellant was in no way prejudiced by anything which occurred at the hearing on the motion to correct the sentence, and he has made no attempt to show that he could have been. Consequently, under the circumstances of this case, the denial of counsel at the hearing did not void the proceeding.

■ The final contention of the appellant is that he was denied his constitutional right to habeas corpus when the Clallam County court refused or failed to consider his petition in 1965. This contention is likewise without merit. If the appellant thought that the Superior Court for Clallam County was the proper tribunal to hear his petition, his remedy was to seek in this court a writ of mandamus directing the superior court to entertain the petition. Having failed to invoke this remedy, he waived any objection he may have had to the court's treatment of his petition. *See State v. Ladiges*, 66 Wn.2d 273, 401 P.2d 977 (1965); and *State ex rel. Beffa v. Superior Court*, 3 Wn.2d 184, 100 P.2d 6 (1940).

The judgment is affirmed.

FINLEY, C. J., WEAVER and HALE, JJ., and RYAN, J. Pro Tem., concur.