[No. 334-2.    Division Two.    June 4, 1971.]

THE STATE OF WASHINGTON, *Respondent*, v. ALFRED BENJAMIN GITCHEL, *Appellant.*

*Jack L. Burtch,* for appellant (appointed counsel for appeal).

*Anton James Miller, Prosecuting Attorney,* for respondent.

PEARSON, J.—The defendant, Alfred "Benny" Gitchel, appeals from an order revoking a suspended sentence imposed following a plea of guilty to the crime of escape.

In 1963 defendant was arrested in Pacific County and charged with forgery. There was some delay in bringing him to trial on this charge. He was arrested in May (1963) and walked away from the county jail in September. Within a short time, defendant was returned to custody and on October 3, 1963, he pleaded guilty to felony escape in violation of RCW 9.31.010.[1]

The trial court suspended a 10-year maximum sentence on the dual conditions that defendant spend 1 year in solitary confinement in the county jail and upon his release absent himself from Washington forever. Defendant was represented by counsel at this time. The forgery charge was dismissed.

In January, 1964 (apparently after about 3 months in solitary confinement in the county jail) the minute entry in the records of the superior court clerk discloses that on motion of the prosecutor, the sentence was amended to reduce the amount of solitary confinement to the time defendant had already served. He was released shortly thereafter and moved to Oregon.

Because defendant was unable to qualify for public assistance in Oregon, he soon returned to Washington, where the Pacific County authorities arrested him. Once again, on motion of the prosecutor, the sentence was amended to remove the condition of banishment and defendant was allowed to continue residing in this state.

---

[1] This statute reads: "Every prisoner confined in a prison, or being in the lawful custody of an officer or other person, who escapes or attempts to escape from such prison or custody if he is held on a charge, conviction, or sentence of a felony, shall be guilty of a felony; if held on a charge, conviction, or sentence of a gross misdemeanor or misdemeanor, he shall be guilty of a misdemeanor."

The incomplete records of the two modification hearings disclose that defendant was present at both, but there is no indication as to whether or not he was represented by counsel.

In June, 1970, after defendant was convicted of forgery in Grays Harbor County,[2] a motion was made to revoke the suspended sentence imposed for escape. The record discloses that Mr. Gitchel was also accused of failure to report to his probation officer as directed and of threatening various witnesses in the forgery case. The first contention is that since the original sentence was invalid, the revocation of its suspension must necessarily fall.

It is the view of this court that the original, unmodified sentence, with its suspension conditions of solitary confinement and banishment, was an illegal and unconstitutional sentence. (Although the Honorable Robert A. Hannan revoked the suspension, he was not the judge who imposed the original sentence.)

We unhesitantly say that a sentence with such condition of suspension would constitute cruel and unusual punishment in violation of the eighth amendment to the United States Constitution, as well as article 1, section 14 of the Washington State Constitution. Arguably, such conditions may have been accepted by the common law of the twelfth century, but we state categorically they are unacceptable today. Had the conditions not been removed by the two modification hearings, we should be compelled to strike down the sentence as cruel and unusual punishment. *See Robinson v. California*, 370 U.S. 660, 8 L. Ed. 2d 758, 82 S. Ct. 1417 (1962), which struck down the punishment of narcotic addicts for their status as addicts, as a cruel and unusual punishment.

*See also* RCW 10.64.060 and RCW 36.63.140, which limit solitary confinement in prisons and jails to a term of not exceeding 20 days. We take such legislative mandate as a

---

[2]This conviction is also pending on appeal and has been affirmed by *State v. Gitchel*, 5 Wn. App. 72, 486 P.2d 325 (1971).

limitation on the judicial discretion granted in RCW 9.95.210 regarding conditions which may be imposed on probation.

■ However, we are not called upon to reach the illegality of the original sentence, since it was modified to remove the unconstitutional penalties first levied. Defendant was present at both modification hearings. Assuming that he was not represented by counsel at such hearings, we must ascertain whether that fact renders the modified sentence invalid. *Mempa v. Rhay,* 389 U.S. 128, 19 L. Ed. 2d 336, 88 S. Ct. 254 (1967) suggests that counsel is required at a hearing where a sentence is modified. We deem such representation highly desirable, so that a defendant is not prejudiced by anything which might occur. In *Garrison v. Rhay,* 75 Wn.2d 98, 449 P.2d 92 (1968) the Supreme Court stated that the requirement of counsel at such a hearing is not absolute and the validity thereof rests on a finding of prejudice. In the instant case, both modification hearings resulted in the removal of onerous conditions imposed by the original sentence. Defendant benefited from such hearings and we do not think he may now complain regarding his lack of legal representation.

■ The sentence as modified is now valid. *See* RCW 9.95.210. The penalty actually served by defendant prior to the modification hearings is not so excessive as to require us to set aside the conviction in order to vindicate his rights. Such sentence actually served does not shock the conscience of the court. *Robinson v. California, supra.*

We thus move to the propriety of the revocation hearing at which defendant was represented by competent and vigorous counsel. *Mempa v. Rhay, supra* sets forth the basic procedural safeguards necessary in this type of hearing, all of which we believe were met.

A rather extensive hearing was held at which several witnesses testified and other relevant evidence was received. Motions were made and considered and argument heard. The due process and fair procedure required by *State v. Riddell,* 75 Wn.2d 85, 449 P.2d 97 (1968) were

accorded this defendant. In fact, even the testimony taken during the hearing provided the trial court with substantial evidence to support its discretionary act of revocation of the suspended sentence. The trial court was fully justified in revoking probation here. Such a revocation is supportable on several grounds, including threats to witnesses and failure to cooperate with the probation department. Since there were sufficient grounds to revoke the suspended sentence, the contention of defendant's right to be free on bond pending appeal from his Grays Harbor commitment is without merit.

Judgment affirmed.

PETRIE, C.J., and ARMSTRONG, J., concur.