215 P.3d 201 (2009)
STATE of Washington, Respondent,
v.
Steven Ray HEDDRICK, Jr., Petitioner.
No. 80841-4.
Supreme Court of Washington, En Banc.
Argued January 20, 2009.
Decided September 10, 2009.
As Corrected September 15, 2009.
*202 Casey Grannis, Nielsen Broman & Koch, PLLC, Seattle, WA, for Petitioner.
Randi J. Austell, King County Prosecutor's Office, Seattle, WA, for Respondent.
OWENS, J.
¶ 1 A defendant's competency is a necessary prerequisite for a fair criminal trial. Chapter 10.77 RCW outlines procedures courts must follow once any reason to doubt a defendant's competency arises before a trial judge. Steven Ray Heddrick, Jr., challenges the trial court's failure to follow statutory procedures in finding him competent to stand trial in felony prosecutions for harassment and custodial assault. Following the statute, the trial court ordered two psychological examinations but did not enter either examination into evidence. Instead, the court found Heddrick competent after counsel in the harassment matter withdrew her challenge to competency.
¶ 2 When the court entered the competency order, Heddrick's counsel for his custodial assault case was absent. Because the order ostensibly applied to both felony prosecutions, *203 Heddrick now complains that he was denied counsel in a critical stage of the proceedings.
¶ 3 We affirm the Court of Appeals because Heddrick, through his appointed counsel, waived completion of the statutory competency procedures. In addition, we affirm the Court of Appeals because Heddrick did not suffer a complete denial of counsel during a critical stage in the proceedings.

FACTS
¶ 4 Heddrick's appeal arises out of two separate alleged criminal acts. Clerk's Papers King County Super. Ct. No. 04-1-12703-0(1CP) at 1; Clerk's Papers King County Super. Ct. No. 05-1-08886-5(2CP) at 1. In 2004, Heddrick was charged with felony harassment. While awaiting trial on that charge, Heddrick was allegedly involved in an altercation with jailhouse staff, leading to the subsequent charge of custodial assault.
¶ 5 Concerns about Heddrick's competency arose several times as his cases proceeded. In the felony harassment matter, the issue of Heddrick's competency arose first on September 8, 2004. 1CP at 17. The trial court found Heddrick incompetent and ordered him to Western State Hospital (WSH) for 90 days. In January 2005, the trial court found that Heddrick had been restored to competency. Id. at 6-7.
¶ 6 In July 2005, newly appointed defense counsel Tracy Lapps raised concerns again about Heddrick's competency. Pet. for Review at 3; see 1CP at 38. In response, the trial court orally ordered a new evaluation by Dr. White, an expert retained by the defense. Report of Proceedings (RP) (July 27, 2005) at 6. Also, the court directed that a written report be prepared by a staff psychologist at WSH and circulated to the parties. 1CP at 40.
¶ 7 Near the due date for production of the report, defense counsel informed the court that Dr. White had found Heddrick competent. She further informed the court that she declined production of Dr. White's report due to cost concerns. As a result, the WSH staff psychologist's report was not entered into evidence.[1] Counsel thereby withdrew Heddrick's competency motion. After the harassment trial concluded, a jury found Heddrick guilty on October 12, 2005. Id. at 69.
¶ 8 While in custody in the King County jail awaiting trial for felony harassment, Heddrick allegedly assaulted one of the two officers assigned to move him to another cell. The State charged Heddrick with custodial assault. After substituting for a previous attorney, Marcus Naylor began to represent Heddrick in his assault case. Once competency concerns arose in the felony harassment matter, the trial judge in the custodial assault case decided to "track competency procedures with the felony harassment case." State v. Heddrick, noted at 140 Wash.App. 1019, 2007 WL 2411354, at *2, 2CP at 7.
¶ 9 Heddrick's custodial assault case was transferred to Judge Mary Yu, who was presiding over his felony harassment case. When Judge Yu signed the competency order on October 10, 2005, in Heddrick's assault case, she evidently did not enter an equivalent order in the harassment case. 2CP at 8. Moreover, Judge Yu issued the ruling outside of the presence of Heddrick's counsel in the custodial assault case. Id. (lacking signature of Naylor). The only counsel present was Lapps, Heddrick's appointed attorney in the felony harassment case. Lapps declined to sign the order of competency in the custodial assault matter. Id. The court simply found Heddrick competent after his appointed attorney in the felony harassment matter, Lapps, informed the court that Dr. White found Heddrick to be competent. RP (Oct. 11, 2005) at 15. The Court of Appeals affirmed, concluding that Heddrick received adequate process. Heddrick, 140 Wash.App. 1019, 2007 WL 2411354, at *4-5. We granted Heddrick's petition for review. 163 Wash.2d 1039, 187 P.3d 270 (2008).

ANALYSIS
¶ 10 We granted review to consider two issues arising from Heddrick's prosecutions. *204 First, whether the trial court violated Heddrick's due process rights when it failed to follow the competency determination procedures outlined in RCW 10.77.060 after Heddrick's counsel withdrew the competency challenge and stipulated to his competency. Second, we must determine whether the trial court denied Heddrick the assistance of counsel during a critical stage of the proceedings when it entered an order of competency in the presence of the defendant's counsel in another matter who refused to sign the order.

A. Standard of Review

¶ 11 The determination of whether a competency examination should (or should not) be ordered rests generally within the discretion of the trial court. State v. Thomas, 75 Wash.2d 516, 517-18, 452 P.2d 256 (1969). Whether a trial court erred in accepting a defendant's withdrawal of a competency challenge and ruling on competency without further proceedings is therefore reviewed for abuse of discretion.

B. Competency Procedures under RCW 10.77.060

¶ 12 Heddrick argues that he was denied due process of law when the trial court failed to execute the procedures in RCW 10.77.060. An accused in a criminal case has a fundamental right not to be tried while incompetent to stand trial. Drope v. Missouri, 420 U.S. 162, 171-72, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975); In re Pers. Restraint of Fleming, 142 Wash.2d 853, 861, 16 P.3d 610 (2001). "Washington law affords greater protection by providing that `[n]o incompetent person shall be tried, convicted, or sentenced for the commission of an offense so long as such incapacity continues.'" Fleming, 142 Wash.2d at 862, 16 P.3d 610 (alteration in original) (quoting RCW 10.77.050). "The failure to observe procedures adequate to protect this right is a denial of due process." State v. O'Neal, 23 Wash.App. 899, 901, 600 P.2d 570 (1979) (citing Drope, 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103; Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966)). Chapter 10.77 RCW provides such a procedure. The "[p]rocedures of the competency statute ... are mandatory and not merely directory," Fleming, 142 Wash.2d at 863, 16 P.3d 610 (citing State v. Wicklund, 96 Wash.2d 798, 805, 638 P.2d 1241 (1982)), and failure to observe these procedures is a violation of due process. Id. (citing O'Neal, 23 Wash.App. at 901, 600 P.2d 570).
¶ 13 The record is clear that the procedures outlined in RCW 10.77.060[2] were not fully followed in either of Heddrick's cases. Both trial judges ordered the issuance of reports from two qualified experts pursuant to RCW 10.77.060(1)(a), but never entered any WSH report into evidence as would be required under RCW 10.77.065(1)(a)(i). Further, Dr. White never memorialized his findings into a report for distribution to the parties and to the court. Instead, the trial court relied on counsel Lapps's stipulations as to Dr. White's opinion when it found Heddrick to be competent. On these facts alone, it would seem that Heddrick did not receive due process under the law.[3]
*205 ¶ 14 However, because Heddrick's counsel withdrew any challenge, the State contends he waived any unrealized statutory procedures. Decisions from the courts in this state reveal a distinction between the substance of competency, which cannot be waived, and the procedures used in its determination, which may be waived in certain circumstances. Compare Fleming, 142 Wash.2d at 864, 16 P.3d 610 ("incompetency cannot be waived"), with State v. Israel, 19 Wash.App. 773, 779, 577 P.2d 631 (1978) (procedures under chapter 10.77 RCW are not mandatory and may be waived by the defendant).[4]
¶ 15 In Fleming, this court suggested that the condition of competency may not be waived. 142 Wash.2d at 864, 16 P.3d 610. There, the State argued that an entry of an Alford[5] plea constituted a waiver of competency. Id. This court rejected this argument, holding that "incompetency cannot be waived," and that "an incompetent person may not enter into any plea agreement." Id. The court found it "apparent" that a person found to be incompetent could not then be tried or enter into a plea agreement of any kind. Id. Underlying the court's concern was our traditional insistence that any waiver of a constitutional right be knowing, intelligent, and voluntary. State v. Stegall, 124 Wash.2d 719, 724-25, 881 P.2d 979 (1994). It is axiomatic that a person incompetent to stand trial cannot affect a knowing or intelligent waiver. State v. Smith, 88 Wash.2d 639, 642, 564 P.2d 1154 (1977), overruled on other grounds by State v. Jones, 99 Wash.2d 735, 744, 664 P.2d 1216 (1983).
¶ 16 This court has stated that the statutory competency procedures are "mandatory and not merely directory." Wicklund, 96 Wash.2d at 805, 638 P.2d 1241. In Wicklund, the court cited to Israel without disapproving of its waiver provisions. Id. Rather, the court noted that waiver was not at issue in the case of Mr. Wicklund. Id. Thus, the language in Wicklund suggests that waiver of the procedures has legal effect and does not violate due process.
¶ 17 In a recent case, this court added further heft to the statutory competency procedures. State v. Marshall, 144 Wash.2d 266, 27 P.3d 192 (2001). In Marshall, the defendant's competency became an issue when, against counsels' advice, the defendant stated his intent to change his plea to guilty. Id. at 269, 27 P.3d 192. The court engaged the defendant in a colloquy during a plea hearing and concluded that he was competent to enter a plea of guilty. Id. After the prosecutor decided to seek the death penalty, the defendant moved to withdraw the plea and presented strong evidence of the defendant's significant brain injury. Id. at 270-73, 27 P.3d 192. Despite the evidence, the trial court denied the motion without observing procedures compliant with the competency statute. Id. at 273, 27 P.3d 192. This court reversed, holding that "where a defendant moves to withdraw [a] guilty plea with evidence the defendant was incompetent when the plea was made, the trial court must either grant the motion to withdraw ... or convene a formal competency hearing required by RCW 10.77.060." Id. at 281, 27 P.3d 192.
¶ 18 On the other hand, a defendant may waive completion of the procedures in chapter 10.77 RCW. Israel, 19 Wash.App. at *206 779, 577 P.2d 631. In Israel, after the prosecutor made a motion for competency determination, the trial judge did not appoint any experts to examine the defendant. Id. at 775, 577 P.2d 631. Instead, the court proceeded to ask questions of the defendant and allowed the prosecutor to question her. Id. Defense counsel asked no questions but asked that the court find her competent at the close of the perfunctory examination. Id. at 775-76, 577 P.2d 631. While the court acknowledged that "the Washington statute... speak[s] in mandatory language", id. at 777, 577 P.2d 631, it held that the "statutory requirement that two experts be appointed to examine a defendant is not a constitutional right but is statutory and may be waived by counsel." Id. at 779, 577 P.2d 631; see also State v. Brooks, 16 Wash.App. 535, 538, 557 P.2d 362 (1976) (holding that the defense's presentation of two psychiatrists' testimony constituted an election of the procedure and a waiver of the specific statutory procedures).
¶ 19 Despite the propriety of waivers in earlier cases, Heddrick asserts that competency cannot be found by waiver or stipulation. Suppl. Br. of Pet'r at 6-8. Heddrick cites to Pate for the proposition that a "person whose competency is in doubt cannot waive his right to have the court properly determine his capacity to stand trial." Id. at 7. Pate is factually distinguishable from Heddrick's case because the defendant never demanded a hearing. Thus, the court's reasoning focused on the duty of the court and the impropriety of an implied waiver by failure to raise the issue. Moreover, Pate is emblematic of a line of cases standing for the proposition that competency in substance cannot be waived. See also Fleming, 142 Wash.2d at 864, 16 P.3d 610; Odle v. Woodford, 238 F.3d 1084, 1087 (9th Cir.2001); Silverstein v. Henderson, 706 F.2d 361, 369 (2d Cir.1983) (reasoning that conflicting psychiatry reports triggered a trial court's duty to conduct a competency hearing). While we recognize the legal weight of these authorities, we believe a distinction exists between substantive competency and the procedures used to discern a defendant's competency with regard to waiver or abandonment of a competency challenge.
¶ 20 Therefore, we hold that the statutory competency procedures may be waived, and Heddrick effected a waiver at trial when his counsel Lapps withdrew the challenge to competency. Heddrick's case more closely resembles Israel than Marshall and Fleming because Heddrick expressly withdrew his competency challenge. Marshall is distinguishable on the grounds that counsel in that case contested competency before the guilty plea was entered as well as during motion proceedings to withdraw the plea, and the latter contest was supported by extensive evidence of incompetence. 144 Wash.2d at 279-80, 27 P.3d 192. Heddrick's counsel contested competency early in the proceedings but withdrew the contest after Dr. White's report revealed Heddrick to be competent. Fleming is similarly distinguishable because although waiver was an issue, any waiver in that case would have been merely implied by the entry of the defendant's Alford plea. Heddrick entered an express waiver after psychological examination revealed evidence of competence. In Fleming, evidence of incompetence existed but was not brought to the attention of the court before the plea because of counsel's negligence. No question of negligent representation or ineffective assistance of counsel appears before this court.[6]
¶ 21 Heddrick argues that, despite the withdrawal by his counsel, the trial court abused its discretion by failing to complete the statutory proceedings on its own initiative. Suppl. Br. of Pet'r at 8. A trial court abuses its discretion when it reaches a conclusion on untenable or unreasonable grounds. While it is true that a court has the authority to order and complete competency proceedings on its own motion, a court must do so only when there is reason to doubt a defendant's competency. RCW 10.77.060(l)(a). Thus, stipulations to competency and counsel's representations of medical findings can erase doubt in the court's mind. Nothing presented here demonstrates *207 that counsel's representations were erroneous or counter to some overriding fact. Rather, Dr. White's analysis, and probably that of WSH staff, supported a finding of competency. Without showing otherwise, Heddrick's requested relief amounts to empty formality.
¶ 22 In addition, the State counters effectively that complaining now that the court should have proceeded despite Heddrick's withdrawal of his competency challenge amounts to invited error. A party invites error when a party sets up an error at trial and then claims such error on appeal. In re Dependency of K.R., 128 Wash.2d 129, 147, 904 P.2d 1132 (1995). This doctrine applies even to errors of constitutional magnitude that can be raised for the first time on appeal. State v. Henderson, 114 Wash.2d 867, 869-70, 792 P.2d 514 (1990). From the facts at bar, any putative error was invited by the defendant's conduct.
¶ 23 In keeping with Israel and O'Neal, we hold that so long as a defendant maintains a challenge to competency, the chapter 10.77 RCW procedures are mandatory to satisfy due process. However, this process may be waived by a defendant when satisfied with the evidence of competence.[7] Further, a trial court did not abuse its discretion when it accepted Heddrick's waiver. We affirm the Court of Appeals on grounds of waiver but reject the use of Mathews v. Eldridge, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), balancing in deciding due process issues in criminal proceedings.

C. Denial of Counsel During a Critical Stage in the Proceedings

¶ 24 Heddrick argues that he lacked the assistance of counsel at a critical stage of the litigation. Under both the Washington and United States Constitutions, a criminal defendant is entitled to the assistance of counsel at critical stages in the litigation. U.S. CONST. amend. VI; WASH. CONST. art. 1, § 22; State v. Everybodytalksabout, 161 Wash.2d 702, 708, 166 P.3d 693 (2007). A critical stage is one "in which a defendant's rights may be lost, defenses waived, privileges claimed or waived, or in which the outcome of the case is otherwise substantially affected." State v. Agtuca, 12 Wash.App. 402, 404, 529 P.2d 1159 (1974). A complete denial of counsel at a critical stage of the proceedings is presumptively prejudicial and calls for automatic reversal. United States v. Cronic, 466 U.S. 648, 658-59, 659 n. 25, 104 S.Ct. 2039, 80 L.Ed.2d 657,[8] 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984).[9] The Court of Appeals below recognized *208 that competency hearings are a critical stage in the litigation but reasoned that no actual competency hearing was held in the custodial assault case necessitating the presence of counsel. Heddrick, 140 Wash.App. 1019, 2007 WL 2411354, at *6-7. We do not agree with this analysis.[10]
¶ 25 Rather, a separate proceeding requiring the assistance of counsel arose because competency in the custodial assault case became an issue when the trial judge decided to track the proceedings in the felony harassment case. When Judge Yu signed the order before Deputy Prosecuting Attorney Jennifer Miller and Lapps, significant consequences for Heddrick hung in the balance, cf. Bell v. Cone, 535 U.S. 685, 696, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002), because, as we have stated above, his rights to further procedures could be waived at this stage. However, we are not persuaded that Heddrick was denied counsel at this stage.
¶ 26 However, Lapps' presence at the signing of the order, with the apparent blessing of Naylor, militates against a finding of complete denial of counsel. As Miller describes before Judge Yu, Naylor was fully apprised of Lapps' intention to withdraw the competency challenge. RP (Oct. 10, 2005) at 3-4. Lapps' reluctance to sign the order did not stem from her concerns regarding Naylor's agreement; rather she expressed more concern over scheduling. Id. at 4. Though no transcript of the Friday conversation exists, Naylor's agreement is evident from the statements by both Miller and Lapps. On the particular facts of this case, Naylor and Lapps appear to have coordinated their efforts, including the withdrawal of Heddrick's competency challenge. Thus, Heddrick was not denied the assistance of counsel at a critical stage in the proceedings.
¶ 27 Justice Stephens correctly ascribes great importance to the out-of-court discussion between Miller, Naylor, and Lapps, but goes too far in describing the event as a critical stage in the proceedings. By definition, a critical stage is one during a criminal proceeding, such as arraignment, that holds significant consequences for the accused. Bell, 535 U.S. at 696, 122 S.Ct. 1843. Moreover, "[e]ach [of the United States Supreme Court cases dealing with complete denial of counsel at a critical stage] involved criminal defendants who had actually or constructively been denied counsel by government action." Id. at 696 n. 3, 122 S.Ct. 1843. The court could not and did not have any effect on the discussion and agreement between the attorneys. The discussion was informal and not on the record. We decline to refer to such an event as a critical stage in the proceedings.

CONCLUSION
¶ 28 We affirm the Court of Appeals on the issue of due process during the competency proceedings. Though the statutory procedures are a sufficient condition to deliver due process to a possibly incompetent defendant, a defendant may waive the remainder of procedures when psychological evidence satisfies any remaining question of competence.
¶ 29 We also affirm the Court of Appeals that Heddrick was not denied the assistance of counsel because Naylor agreed and deferred to Lapps' decision to withdraw the competency challenge.
WE CONCUR: GERRY L. ALEXANDER, Chief Justice, CHARLES W. JOHNSON, BARBARA A. MADSEN, *209 JAMES M. JOHNSON, RICHARD B. SANDERS, DEBRA L. STEPHENS, TOM CHAMBERS, Justices, DENNIS J. SWEENEY, Justice Pro Tern.
NOTES
[1] A staff psychologist at WSH did in fact prepare a written report, but this report was not entered into evidence. The report is contained in a sealed file.
[2] RCW 10.77.060 mandates that when "there is reason to doubt" a defendant's competency to stand trial, the court will appoint two qualified experts to examine and report on the mental condition of the defendant. RCW 10.77.060(1)(a). If the court finds, following the receipt of these reports, that the defendant is incompetent to stand trial, the court shall order the proceedings against the defendant be stayed. RCW 10.77.084(1)(a).
[3] The Court of Appeals erroneously engaged in a balancing analysis under Mathews v. Eldridge, 424 U.S. 319, 335, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), to determine that Heddrick received adequate due process. Heddrick, 140 Wash.App. 1019, 2007 WL 2411354, at *3. However, the Mathews balancing is not appropriate in criminal cases. Medina v. California, 505 U.S. 437, 443, 112 S.Ct. 2572, 120 L.Ed.2d 353 (1992) ("the Mathews balancing test does not provide the appropriate framework for assessing the validity of state procedural rules"). Indeed, as Heddrick points out, the state case cited by the Court of Appeals to introduce the Mathews analysis into the opinion was Morris v. Blaker, 118 Wash.2d 133, 821 P.2d 482 (1992), a civil case involving the denial of a concealed weapons permit to a person once involuntarily committed and bearing little similarity to the case at bar. Besides, the procedures outlined in chapter 10.77 RCW satisfy the due process requirements. Thus, so long as the defendant is contesting competency, the procedures in chapter 10.77 RCW must be followed. State v. Marshall, 144 Wash.2d 266, 279, 27 P.3d 192 (2001). No additional balancing of the interests is necessary.
[4] Heddrick also cites to State v. Smith, 88 Wash.2d 639, 642, 564 P.2d 1154 (1977), overruled on other grounds by State v. Jones, 99 Wash.2d 735, 744, 664 P.2d 1216 (1983), for the proposition that the defense of incompetency may not be waived by an incompetent or by his counsel. However, Smith does not deal with an actual competency defense, rather with an insanity plea. 88 Wash.2d at 642, 564 P.2d 1154. Moreover, although Smith involved a similar recovery of competency by the defendant and stipulation of that fact by the parties, the question reviewed was whether the trial court abused its discretion by refusing to withdraw a plea of insanity. Id. at 641-42, 564 P.2d 1154. The court in Smith had nothing to say about the trial court's tacit agreement to proceed after the parties stipulated to competency; rather that evidence of insanity from a prior competency hearing could be reasonable grounds to refuse the withdrawal of an insanity plea. Id. at 644-45, 564 P.2d 1154.
[5] North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).
[6] The Court of Appeals considered an ineffective assistance claim but rejected it. Heddrick, 140 Wash.App. 1019, 2007 WL 2411354, at *11-12. The defendant has not assigned error to that holding.
[7] Cf. United States v. Denkins, 367 F.3d 537, 543-44 (6th Cir.2004) (finding no due process violation where a court at sentencing agreed to defendant's abandonment of a competency challenge previously brought).
[8] The footnote cited reads:

The [Supreme] Court has uniformly found constitutional error without any showing of prejudice when counsel was either totally absent or prevented from assisting the accused during a critical stage of the proceeding. See, e.g., Geders v. United States, 425 U.S. 80[, 96 S.Ct. 1330, 47 L.Ed.2d 592] (1976) [(court order denying access to counsel during a 17-hour overnight recess)]; Herring v. New York, 422 U.S. 853[, 95 S.Ct. 2550, 45 L.Ed.2d 593] (1975) [(overturning statute allowing judges in nonjury criminal trials to deny trial counsel an opportunity to present a summation of the evidence before verdict)]; Brooks v. Tennessee, 406 U.S. 605, 612-613[, 92 S.Ct. 1891, 32 L.Ed.2d 358] (1972) [(overturning statute forcing testifying defendants to appear first in time)]; Hamilton v. Alabama, 368 U.S. 52, 55[, 82 S.Ct. 157, 7 L.Ed.2d 114] (1961) [(denial of counsel during arraignment is reversible error without showing of prejudice)]; White v. Maryland, 373 U.S. 59, 60[, 83 S.Ct. 1050, 10 L.Ed.2d 193] (1963) (per curiam) [(preliminary hearing where plea entered to magistrate outside of the presence of counsel constituted a critical stage in the prosecution)]; Ferguson v. Georgia, 365 U.S. 570[, 81 S.Ct. 756, 5 L.Ed.2d 783] (1961) [(defendant cannot be denied counsel when taking the stand to give a statement)]; Williams v. Kaiser, 323 U.S. 471, 475-476[, 65 S.Ct. 363, 89 L.Ed. 398] (1945) [(unexplained denial of counsel to indigent accused presumed prejudicial and violates due process)].
Cronic, 466 U.S. at 659 n. 25, 104 S.Ct. 2039 (parentheticals added for exposition).
[9] The Court of Appeals reasoned that Heddrick could not establish prejudice simply from the absence of Naylor. Heddrick, 140 Wash.App. 1019, 2007 WL 2411354, at *7. This statement implies that Heddrick bears the burden of proof regarding prejudice; he does not. Denial of counsel at a critical stage is structural error, and if shown is grounds for reversal without a demonstration of prejudice. Bell v. Cone, 535 U.S. 685, 696 n. 3, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002).
[10] The Court of Appeals held that because of the absence of a separate proceeding in the custodial assault case, no critical stage of the litigation arose wherein counsel would be required. Heddrick, 140 Wash.App. 1019, 2007 WL 2411354, at *6. Without establishing facts related to the interrelation between the two trials, this logic is incomplete. While it is true that the trial judge in the custodial assault case tracked, rather than duplicated, the competency proceedings in the felony harassment trial, it does not necessarily follow that defense counsel in that case need not be present when the court issued its ruling. Moreover, because the impact of the ruling as applied to both cases is undeniable, it cannot be said that no separate proceeding existed. Indeed, both judges issued an initial order for competency evaluation. Once it became clear that any ruling on competency would apply to both cases, any hearing relating to competency became a critical stage in both cases.