

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| CITY OF SEATTLE, )<br>)<br>Respondent, )<br>)<br>v. )<br>)<br>ANDREA LISTER, )<br>)<br>Petitioner. )<br>_____ ) | DIVISION ONE<br><br>No. 67500-1-I<br><br>UNPUBLISHED OPINION<br><br>FILED:  October 28, 2013 |

DWYER, J. — In a criminal case, the defendant is entitled to be represented by counsel at each critical stage of the proceeding.  Oral argument in the appellate court is one such stage.  Here, the defendant was not represented by counsel when her appeal as a matter of right was called for argument by the court.  Although the appellate judge articulated his intention to decide this matter without oral argument, a contested courtroom proceeding in fact took place.  Because the defendant did not validly waive her right to counsel at this proceeding—instead, insisting that she did not want to proceed without an attorney—we reverse.

Andrea Lister was convicted of false reporting and violation of a protection order in the Seattle Municipal Court.  She appealed her convictions to the King County Superior Court.  Her counsel submitted a brief and thereafter withdrew.  Lister was unable to obtain new counsel before her oral argument date arrived.

She appeared in the superior court without counsel and requested a continuance, stating that she did not desire to represent herself.

Seeking to keep the matter on track, the city's counsel requested that the court decide the case without oral argument, pursuant to applicable court rule.[1] However, almost immediately, the city's counsel also handed the court a photocopy of a recent Washington Supreme Court decision, City of Seattle v. May, 171 Wn.2d 847, 256 P.3d 1161 (2011), which had not been cited in the briefs submitted to the court and which directly pertained to one of the substantive issues on appeal. The judge reviewed the May opinion and asked both the city's counsel and Lister to comment on the opinion and the applicability of RALJ 8.4. Ultimately, the court announced that it would decide the case based only "on the briefs," pursuant to RALJ 8.4, and affirmed Lister's convictions based on two cases previously cited in the briefing and the May decision, newly introduced at the RALJ hearing.

Lister sought discretionary review in this court, which was granted. She contends that she was denied her constitutional right to counsel at the RALJ hearing and requests that we reverse the superior court's order affirming her convictions.

We conclude that, although the superior court stated that it would decide the appeal based only "on the briefs" pursuant to RALJ 8.4, it did not in fact do

---

[1] Rule 8.4 of the Rules for Appeal of Decisions of Courts of Limited Jurisdiction (RALJ) provides that "[t]he parties may, at any time, agree to waive oral argument and submit the matter for consideration by the court on the briefs that have been submitted. The court may, on its own initiative, direct that there be no oral argument, once it has received the brief of appellant and the brief of respondent."

so, given that it accepted new authority from the city, asked the city and Lister to comment on the new authority, and then ruled, in part, based upon it. Thus, Lister's right to counsel at the contested proceeding was denied. Accordingly, we order reinstated Lister's right to direct appeal of the municipal court judgment in the superior court and remand for further proceedings.

I

Lister was convicted of false reporting and violation of a protection order in the Seattle Municipal Court. She appealed her convictions to the King County Superior Court, and her appellate counsel submitted a brief on September 30, 2010. On April 27, 2011, the superior court granted her appellate counsel's motion to withdraw, citing a breakdown in communication between the attorney and Lister. The order stated: "[n]o further continuances will be granted with respect to the oral argument date." The oral argument date was set for July 1, 2011.

On June 30, 2011, Lister's newly appointed counsel[2] emailed the superior court, stating that he wished to confirm that the oral argument date, which had been scheduled for the following day, had been continued. The court's bailiff replied to this email, indicating that the oral argument had not been continued and that it would proceed as scheduled on July 1, 2011. Counsel responded that he had not received discovery materials and had not entered an appearance in

_____

[2] The superior court was "not privy to the . . . appointment process," but this counsel never filed an appearance in Lister's case. The court characterized the situation at the RALJ hearing: "Lister's counsel has withdrawn and obviously new counsel was not promptly appointed." The court noted later in the hearing that after the withdrawal of Lister's counsel, "prompt application for assignment of counsel was made to the Office of Public Defense."

the matter and, given that the hearing would not be continued, he would not be entering an appearance after all.

Lister appeared at court for her scheduled oral argument, without counsel. She stated that she was "not . . . representing [her]self" and that "for criminal stuff, [she was] allowed to have counsel." She went on to say that she was "not a lawyer" and that she was "not prepared to [present] oral argument."

The court then asked the city's counsel "whether, this being a criminal matter, and [without] Counsel . . . appearing here; can we go ahead? Are we allowed to?" The city responded that "the RALJ rules certainly authorize [the court] to decide the case without oral argument . . . [pursuant to] Rule 8.4. It says that, either the parties can waive oral argument or [the court], on [its] own initiative, can decide . . . the case without oral argument." The court directed Lister to "take a look at" the rule. The city then added:

> Your Honor, in connect[ion] with that, I'd like to actually hand forward another case that I'd like you to consider. It's decided by the Supreme Court on June 23rd, so a couple weeks ago. And here's a copy. . . . It had to . . . do with a similar . . . situation where . . . [the] Superior Court had issued . . . a no-contact order, and the defendant had been charged with violating that in Municipal Court . . . and wanted to challenge that order in the criminal prosecution. And the Supreme Court said, you cannot do that.

The superior court again directed Lister to "[t]ake a moment to read . . . that rule."

Lister stated, "I've read the rule, and while it is set for oral argument, I guess the choice to waive it . . . you're the Judge and you can do whatever you please." However, Lister stated her belief that the brief submitted by her former appellate counsel did not contain all necessary arguments. She reiterated that

she was not representing herself and asked the court for a continuance "for due process reasons."

The court asked Lister if the brief submitted by her former appellate counsel addressed the jury instruction issue, but Lister responded, "Your Honor, I don't even have the copies of the documents." The court then asked the city whether Lister's brief contained argument on the issue, and the city responded that "[y]es, she raised two issues. One . . . concerned the validity of the restraining order and, which again, I think is . . . controlled by this May case. And the second was . . . the jury instruction regarding actual modus . . . which, as I put in our brief, I think . . . that's controlled by the Van Tuyl[3] case."

The court turned its attention to the collateral attack issue regarding the underlying protection order, stating that it was going to take "a moment . . . to take a look at this case" and that Lister "should take a look at it too"; to which Lister replied that she did not "have any documents at all because [she had] not been supplied with any of those things." The court responded, "Ms. Lister. . . . I'm going to read this case. You might want to look at this case. This is the case of City of Seattle v. Robert May. I think [the city's counsel] . . . just gave you . . . a copy of that. . . . I'm going to take a look at it right now."

The superior court then asked the city whether "there [was] any relevance to the City v. May case other than the issue of a collateral attack on . . . an order that may be improperly entered but not void?" The city responded that the case only applied to the collateral attack issue. The court continued: "[c]ertainly

---

[3] State v. Van Tuyl, 132 Wn. App. 750, 133 P.3d 955 (2006).

without waiving any objection to your being here without a lawyer, Ms. Lister, . . . I'm going to give you an opportunity to speak again, but I'm going to ask [the city's counsel] again if he . . . has anything to add to the reference to RALJ 8.4?" The city's counsel stated that he had nothing to add, so the court turned to Lister, who stated that the brief submitted by her former appellate counsel did not address an issue concerning her false reporting conviction.

The superior court stated that it would "exercise [its] discretion in this case and decide this case based upon the briefs that have been provided. And, [it would] address those issues at this time. So, . . . [y]ou're not allowed to argue." Regarding the collateral attack issue, the court determined that Lister "had a legal duty to obey the order even though it may have been . . . erroneously entered." The court relied on the briefs and "two particular cases:" State v. Noah[4] and May, "a case that [the court has] looked at today, perhaps for the first time." Regarding the jury instruction issue, the court relied on Van Tuyl and determined that the municipal court "properly instructed the jury." The superior court affirmed Lister's convictions.

In its decision on RALJ appeal, issued the next day, the court recited that the "appeal was decided by the court without oral argument, pe[r] RALJ 8.4." It affirmed the municipal court's judgment, stating that "the restraining order against defendant cannot be challenged in the criminal action for violation of that order; Seattle v. May; State v. Noah"; and, that "the trial court did not abuse its discretion or err by instructing the jury using the statutory language regarding

---

[4] State v. Noah, 103 Wn. App. 29, 9 P.3d 858 (2000).

knowledge; State v. Van Tuyl."

Lister sought discretionary review of the decision in this court, which was granted.

II

Lister contends that the superior court erred by proceeding with her RALJ hearing when she did not have counsel present. This is so, she asserts, because her RALJ hearing was a critical stage in the proceedings, given that, despite its statement to the contrary, the court did not rule based only "on the briefs," as required by RALJ 8.4. We agree. Although the superior court stated that it would decide Lister's case based only "on the briefs," it did not do so. To the contrary, it considered authority newly submitted at the hearing, asked both the city and Lister to comment on that authority, and then based its decision, in part, upon that authority. Because the court did not decide the case based only "on the briefs," Lister's RALJ hearing was a critical stage in the proceedings. Therefore, Lister had a right to counsel at the hearing. Because counsel was not provided, we must vacate the superior court's decision and reinstate her right to direct appeal of the municipal court ruling in the superior court.

Pursuant to the United States and Washington Constitutions, criminal defendants have a right to counsel at all "critical stages in the litigation." State v. Heddrick, 166 Wn.2d 898, 909-10, 215 P.3d 201 (2009) (citing U.S. CONST. amend. VI; WASH. CONST. art. I, § 22). The constitutional right to counsel also exists on appeal. Evitts v. Lucey, 469 U.S. 387, 396, 105 S. Ct. 830, 83 L. Ed. 2d 821 (1985); State v. Rafay, 167 Wn.2d 644, 652, 222 P.3d 86 (2009); State v.

Robinson, 153 Wn.2d 689, 694, 107 P.3d 90 (2005); State v. Rolax, 104 Wn.2d 129, 135, 702 P.2d 1185 (1985).

"A complete denial of counsel at a critical stage of the proceedings is presumptively prejudicial and calls for automatic reversal." Heddrick, 166 Wn.2d at 910 (citing United States v. Cronic, 466 U.S. 648, 658-59, 659 n. 25, 104 S. Ct. 2039, 80 L. Ed. 2d 657 (1984) (The United States Supreme Court "has uniformly found constitutional error without any showing of prejudice when counsel was either totally absent or prevented from assisting the accused during a critical stage of the proceeding.")); accord Wright v. Van Patten, 552 U.S. 120, 124-25, 128 S. Ct. 743, 169 L. Ed. 2d 583 (2008). "A critical stage is one 'in which a defendant's rights may be lost, defenses waived, privileges claimed or waived, or in which the outcome of the case is otherwise substantially affected.'" Heddrick, 166 Wn.2d at 910 (quoting State v. Agtuca, 12 Wn. App. 402, 404, 529 P.2d 1159 (1974)); accord Garrison v. Rhay, 75 Wn.2d 98, 102, 449 P.2d 92 (1968) ("The constitutional right to have the assistance of counsel arises at any critical stage of the proceedings, and a critical stage is one in which there is a possibility that a defendant is or would be prejudiced in the defense of his case.").

Accordingly, if Lister's RALJ hearing was a critical stage in the proceedings, she had a right to counsel. Robinson, 153 Wn.2d at 694. If she had a right to counsel and counsel was not provided, prejudice is presumed. Heddrick, 166 Wn.2d at 910.

Lister's RALJ hearing was a critical stage in the proceedings because it substantially affected the outcome of her case; therefore, she had a right to counsel. Heddrick, 166 Wn.2d at 910; Robinson, 153 Wn.2d at 694. The superior court stated that it would decide Lister's appeal based only on the briefs. However, in fact, the court explicitly relied upon authorities that were not cited in the briefing in reaching its decision. The city's brief to the superior court included discussion of the Noah and Van Tuyl cases, but not the May decision. May was introduced for the first time at oral argument. The court discussed this case at Lister's RALJ hearing and relied upon it in affirming her convictions. The city also asked the court to consider RALJ 8.4 at the hearing, which allowed the court to decide the appeal based only "on the briefs." However, the court then asked Lister to read and comment on the rule. Asking Lister to read both RALJ 8.4 and the May decision and to formulate legal arguments based upon them at her RALJ hearing required Lister to perform the duties of an attorney.

Because the court accepted new authority from the City and allowed both parties to comment upon it, it is not true that the court decided the appeal based only on the briefs. Inasmuch as the court did not rely solely on the briefs in ruling, Lister's RALJ hearing was a critical stage in the proceedings. Heddrick, 166 Wn.2d at 910. Therefore, Lister was constitutionally entitled to an attorney at her RALJ hearing. Heddrick, 166 Wn.2d at 910; Robinson, 153 Wn.2d at 694.

The city is correct that oral argument of appellate issues is not a matter of right. See City of Coll. Place v. Staudenmaier, 110 Wn. App. 841, 845-46, 43 P.3d 43 (2002). A case may properly be decided without oral argument. RAP

11.4(j); RALJ 8.4. However, in criminal proceedings, when a hearing that substantially affects the outcome of the case *is* held, that hearing is a critical stage of the proceedings.[5] Heddrick, 166 Wn.2d at 910; Robinson, 153 Wn.2d at 694. Thus, the right to counsel attaches to that hearing. Heddrick, 166 Wn.2d at 910; Robinson, 153 Wn.2d at 694.

Here, Lister's right to counsel was denied. Accordingly, prejudice is presumed. Heddrick, 166 Wn.2d at 910. The superior court's decision affirming her convictions must therefore be reversed. Heddrick, 166 Wn.2d at 910. Lister's right to direct appeal of the municipal court judgment in the superior court is reinstated.

We remand for further proceedings in the superior court, consistent with this opinion.

We concur:

---

[5] See, e.g., State v. Davenport, 140 Wn. App. 925, 932, 167 P.3d 1221 (2007) (Although the "defendant need not be present when his presence would be useless," because "the trial court exercised its discretion" and the matters discussed had "substantial relation" to the court's ability to correctly determine the defendant's resentencing, the hearing "involved more than the court's perform[ance of] a ministerial act and was a critical stage in [the defendant's] prosecution.").