**NOTICE: SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion. Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision. Slip opinions can be changed by subsequent court orders. For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion. Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports. An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.** The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports. Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

**FILE**

IN CLERK'S OFFICE
SUPREME COURT, STATE OF WASHINGTON
DECEMBER 7, 2023

*González, C.J.*
CHIEF JUSTICE

THIS OPINION WAS FILED
FOR RECORD AT 8 A.M. ON
DECEMBER 7, 2023

ERIN L. LENNON
SUPREME COURT CLERK

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

|   |   |   |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 101269-1 |
| | ) | |
| Respondent, | ) | |
| | ) | En Banc |
| v. | ) | |
| | ) | |
| MICHAEL SHAWN CHARLTON, | ) | Filed: December 7, 2023 |
| | ) | |
| Petitioner. | ) | |
| | ) | |

GONZÁLEZ, C.J.— The right to counsel is guaranteed by both the state and federal constitutions and protected by our court rules. Denial of the right to counsel is error. In both this case and its companion, *State v. Heng*, No. 101159-8 (Wash. Dec. 7, 2023), the accused appeared before a judge in preliminary hearings without counsel at their side. In both cases, that was error. But, as in *Heng*, we conclude that the preliminary hearings here were not critical stages of the proceedings and that the absence of counsel was harmless beyond a reasonable doubt. Accordingly, we affirm.

*State v. Charlton*, No. 101269-1

FACTS

Michael Shawn Charlton was arrested and taken to jail a few days after his stepdaughter reported that he had sexually abused her. The next day, Charlton was brought before a judge for a preliminary hearing. At that first hearing, no counsel was appointed. The judge told Charlton that the State still had time to decide whether it would charge him, found probable cause, set bail at $25,000, and imposed a no-contact order preventing Charlton from contacting the victim or the victim's mother. Apparently unable to make bail, Charlton was returned to jail after the hearing.

Three days later, Charlton was brought back into court and charged with third degree child rape, third degree child molestation, and indecent liberties. Charlton told the court that he could lose his job if he continued to be held in jail. Counsel was appointed at that time but was not present during the hearing. It appears counsel was not immediately notified of the appointment or the hearing. Charlton sought pretrial release at that second hearing and told the court that he would lose his job if he was not released soon and that he could live in an RV on his parents' property. The prosecutor was not opposed to adjusting the bail amount but noted that the current bail amount of $25,000 "seems to be doing the trick." Verbatim Rep. of Proc. (Jan. 3, 2020) at 15. The judge said this was "low for charges of this nature," but he kept bail at $25,000, noting Charlton's lack of

2

*State v. Charlton*, No. 101269-1

criminal history, the place he could live, and his ties to the community. *Id.* at 16.[1]

Charlton remained in custody. Nothing of note happened in his third hearing.

Charlton finally appeared with counsel at his fourth appearance, two weeks after his arrest. Counsel entered not guilty pleas and challenged bail, arguing that Charlton had stable employment, could live with his parents, and had no criminal history and that being detained put Charlton's job at risk. Charlton was released on personal recognizance. Later, Charlton was convicted of third degree child rape and third degree child molestation.

Charlton appealed, arguing that he had been denied counsel at critical stages of the prosecution. The Court of Appeals agreed that Charlton's second appearance, where he was formally charged, was a critical stage. *State v. Charlton*, 23 Wn. App. 2d 150, 165, 515 P.3d 537 (2022). But the court held that any error was harmless beyond a reasonable doubt. *Id.* at 168-69 (citing *State v. Orn*, 197 Wn.2d 343, 359, 482 P.3d 913 (2021)).

Charlton sought review of the court's application of harmless error, which we granted and set as a companion to another case, *Heng*, that concerned the

---

[1] Amici suggest that the judge required cash bail. Br. of Amici Curiae Wash. Ass'n of Crim. Def. Laws., Am. Civ. Liberties Union of Wash. Found., Wash. Def. Ass'n, and King County Dep't of Pub. Def. at 13. We note that requiring cash-only bail would be unconstitutional. *State v. Barton*, 181 Wn.2d 148, 167-68, 331 P.3d 50 (2014) (holding that a cash-only bail order that "excluded a surety bond . . . was . . . contrary to article I, section 20" of the Washington Constitution).

3

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

*State v. Charlton*, No. 101269-1

deprivation of the right to counsel at preliminary hearings. *State v. Charlton*, 200

Wn.2d 1025 (2023); *State v. Heng*, 200 Wn.2d 1025 (2023).

ANALYSIS

I. The Right to Counsel

A more detailed analysis of the right to counsel is set forth in our opinion in

*Heng*, slip op. at 4-8. We will briefly summarize the law here. The Sixth

Amendment and article I, section 22 of our state constitution both guarantee

criminal defendants the right to counsel. *State v. Heddrick*, 166 Wn.2d 898, 909-

10, 215 P.3d 201 (2009) (citing U.S. CONST. amend. VI; WASH. CONST. art. I, § 22;

*State v. Everybodytalksabout*, 161 Wn.2d 702, 708, 166 P.3d 693 (2007)). The

right to counsel attaches under the Sixth Amendment at a defendant's "first

appearance before a judicial officer" where "a defendant is told of the formal

accusation against him and restrictions are imposed on his liberty." *Rothgery v.*

*Gillespie County*, 554 U.S. 191, 194, 128 S. Ct. 2578, 171 L. Ed. 2d 366 (2008)

(citing *Brewer v. Williams,* 430 U.S. 387, 398-99, 97 S. Ct. 1232, 51 L. Ed. 2d 424

(1977)).

Our court rules also protect the right to counsel. CrR 3.1(b)(1); *State v.*

*Templeton*, 148 Wn.2d 193, 212, 59 P.3d 632 (2002) (citing *In re Welfare of*

*Messmer*, 52 Wn.2d 510, 512, 326 P.2d 1004 (1958)). Under CrR 3.1, "[t]he right

to a lawyer shall accrue as soon as feasible after the defendant is taken into

4

*State v. Charlton*, No. 101269-1

custody, appears before a committing magistrate, or is formally charged, whichever occurs earliest." CrR3.1(b)(1). This rule-based right extends to "all criminal proceedings" and requires counsel at "every stage of the proceedings." CrR 3.1(a), (b)(2)(A); *accord State v. Copeland*, 130 Wn.2d 244, 282, 922 P.2d 1304 (1996). Counsel must be provided "as soon as feasible after the defendant has been taken into custody, appears before a committing magistrate, or is formally charged." CrR 3.1(b)(1). These requirements extend to probable cause hearings like Charlton's first hearing. CrR 3.2.1(e)(1) (requiring courts to provide lawyers pursuant to CrR 3.1).

Given the state of the technology, it was feasible to have counsel present at least remotely, starting with his first hearing. *See Heng*, slip op. at 5-6. Accordingly, Charlton had a right, under our rules, to counsel at that hearing. Charlton's constitutional right attached at his second hearing.

## II. Structural Error

Denial of counsel at a critical stage of prosecution is structural error that requires automatic reversal. *Heddrick*, 166 Wn.2d at 910 (citing *United States v. Cronic*, 466 U.S. 648, 658-59, 659 n.25, 104 S. Ct. 2039, 80 L. Ed. 2d 657 (1984)). Generally, a critical stage is one where "'a defendant's rights may be lost, defenses waived, privileges claimed or waived, or in which the outcome of the case is

5

*State v. Charlton*, No. 101269-1

otherwise substantially affected.'" *Heddrick*, 166 Wn.2d at 910 (quoting *State v.*

*Agtuca*, 12 Wn. App. 402, 404, 529 P.2d 1159 (1974)).

But not all pretrial stages are necessarily critical. *Id.*; *see also United States*

*v. Gouveia*, 467 U.S. 180, 191, 104 S. Ct. 2292, 81 L. Ed. 2d 146 (1984) (holding

that preindictment investigative proceedings are not critical stages); *Gerstein v.*

*Pugh*, 420 U.S. 103, 124-26, 95 S. Ct. 854, 43 L. Ed. 2d 54 (1975) (holding that

probable cause hearing is not critical stage); *Garrison v. Rhay*, 75 Wn.2d 98, 102,

449 P.2d 92 (1968) (finding no critical stage because "appellant was in no way

prejudiced by anything [that] occurred at the hearing . . . , and he has made no

attempt to show that he could have been"). As we discussed in greater detail in

*Heng*, on review the question for the court is whether the accused's rights were

lost, defenses were waived, privileges were claimed or waived, or the outcome of

the case was otherwise substantially affected. *Heng*, slip op. at 11 (citing

*Heddrick*, 166 Wn.2d at 910).

Here, none of the situations we identified in *Heddrick* apply to the first three

hearings. At Charlton's first bail hearing, the court told Charlton of his potential

charges, found probable cause to hold him, and set bail at $25,000. Counsel's

presence there likely would have been helpful to challenge bail, but none of

*Heddrick*'s critical-stage descriptors were present at that hearing, and probable

cause hearings are generally not automatically critical stages of litigation. *Gerstein*,

6

*State v. Charlton*, No. 101269-1

420 U.S. at 122 ("Because of its limited function and its nonadversary character, the probable cause determination is not a 'critical stage' in the prosecution that would require appointed counsel.").

At his second hearing, Charlton was charged, informed of his right to remain silent and right to counsel, and had bail of $25,000 confirmed. Counsel would have been helpful in avoiding any cash-bail setting, and Charlton likely would have been released given his employment status and availability of housing. When his counsel finally did appear and challenged bail at Charlton's fourth hearing, 10 days later, Charlton was released on personal recognizance. Nothing that happened at Charlton's second or third hearings had any kind of demonstrable effect on the outcome of his case. Nor has Charlton established anything that happened at these hearings that affected his judgment and sentence. We hold that Charlton's first three hearings were not critical stages of litigation. Accordingly, structural error analysis does not apply.

### III. Constitutional Harmless Error

Charlton's right to counsel had attached under the court rules by his first appearance and under the constitution at his second. *See Heng*, slip op. at 8. Because his constitutional right to counsel had attached by his second hearing, the absence of counsel violated the Sixth Amendment and constitutional harmless error applies. *Satterwhite v. Texas*, 486 U.S. 249, 252-53, 108 S. Ct. 1792, 100 L.

*State v. Charlton*, No. 101269-1

Ed. 2d 284 (1988) (applying constitutional harmless error to pretrial denial of counsel); *cf. Tully v. State*, 4 Wn. App. 720, 728, 730, 483 P.2d 1268 (1971) (holding that constitutional harmless error applies to denial of retained counsel at noncritical preliminary stage of prosecution (citing *Coleman*, 399 U.S. at 9; *United States v. Wade*, 388 U.S. 218, 87 S. Ct. 1926, 18 L. Ed. 2d 1149 (1967))).

When constitutional harmless error applies, we must reverse unless we are persuaded, beyond a reasonable doubt, that the error did not affect the verdict. *Orn*, 197 Wn.2d at 359. We place such a heavy burden on the State to "deter . . . conduct" that "undermines the principle of equal justice and is so repugnant to the concept of an impartial trial that its very existence demands that appellate courts set appropriate standards to deter such conduct." *State v. Monday*, 171 Wn.2d 667, 680, 257 P.3d 551 (2011).

We are persuaded that the error here was harmless beyond a reasonable doubt. Nothing in the argument or record before us suggests that counsel's absence affected the verdict in any way.

CONCLUSION

We hold that Charlton was not deprived of counsel at a critical stage of litigation and is not entitled to automatic reversal. While denial of counsel was constitutional error, any error was harmless. We affirm the Court of Appeals in result and remand for further proceedings consistent with this opinion.

8

*State v. Charlton*, No. 101269-1

_____
Gonzáles, C.J.

WE CONCUR:

_____
Johnson, J.

_____
Gordon McCloud, J.

_____
Madsen, J. - RESULT ONLY

_____

_____
Owens, J.

_____
Montoya-Lewis, J.

_____
Stephens, J.

_____
Lawrence-Berrey, J.P.T.

9

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

*State v. Charlton*, No. 101269-1
(Yu, J., concurring)

No. 101269-1

YU, J. (concurring) — I respectfully concur for the reasons stated in my concurrence in *State v. Heng*, No. 101159-8 (Wash. Dec. 7, 2023).

_____
Yu, J.

1