[Nos. 64697-4-I; 64698-2-I.   Division One.   August 29, 2011.]

THE STATE OF WASHINGTON, *Petitioner*, v. CHARLES EDWARD DELAURO, *Respondent*.

THE STATE OF WASHINGTON, *Petitioner*, v. RODRIGO HERNANDEZ, *Respondent*.

*Daniel T. Satterberg, Prosecuting Attorney*, and *James M. Whisman, Deputy*, for petitioner.

*Eric Broman* (of *Nielsen, Broman & Koch PLLC*) and *Sean P. Wickens* (of *Wickens Law Group PS*), for respondents.

¶1 BECKER, J. — Under article I, section 10 of our state constitution, documents considered by a judge in making a decision in a court proceeding are presumptively open to public review. We hold this provision applies to a written report evaluating a defendant's competency to stand trial when the report is considered by the trial court in determining the defendant competent.

¶2 This matter involves separate prosecutions against Charles DeLauro and Rodrigo Hernandez on criminal charges. In each case, the superior court received a written report from Western State Hospital providing an evaluation of the defendant's competency. In each case, after a hearing and after considering the report, the court made a finding of competency. DeLauro and Hernandez ultimately pleaded guilty to reduced charges.

¶3 The State moved to have the reports placed in the court file. The motions were denied. This court granted the State's petitions for discretionary review. The cases have been consolidated for review as they present the same issue and the material facts are the same. DeLauro has briefed a response. Hernandez joins in DeLauro's brief.

¶4  In Washington, no incompetent person "shall be tried, convicted, or sentenced for the commission of an offense so long as such incapacity continues." RCW 10.77.050. Failure to observe procedures adequate to protect this right is a denial of due process. *State v. Heddrick*, 166 Wn.2d 898, 904, 215 P.3d 201 (2009). Procedures designed to protect the right are set forth in chapter 10.77 RCW. The statutory procedural requirements are mandatory, not merely directory. *Heddrick*, 166 Wn.2d at 904.

¶5  Whenever there is reason to doubt a defendant's competency, the court shall order an examination and report:

> Whenever a defendant has pleaded not guilty by reason of insanity, or there is reason to doubt his or her competency, the court on its own motion or on the motion of any party shall either appoint or request the secretary to designate at least two qualified experts or professional persons, one of whom shall be approved by the prosecuting attorney, to examine and report upon the mental condition of the defendant.

RCW 10.77.060(1)(a). The facility conducting the evaluation is required to "provide" its report and recommendation to the court in which the criminal proceeding is pending, with copies to counsel and other specified persons. RCW 10.77.065(1)(a)(i).

¶6  In DeLauro's case, the court granted a defense motion for a pretrial competency evaluation after a hearing on May 8, 2009. The court found there was "reason to doubt DeLauro's fitness to proceed" and directed Western State Hospital to conduct a forensic mental health evaluation.[1] An evaluator from Western State Hospital prepared a "Forensic Psychological Report" dated June 23, 2009. The report is prefaced with the following statement: "The forensic evaluation reflected in this report was conducted pursuant to court order under the authority of RCW 10.77.060.

---

[1] Clerk's Papers at 10 (Order for Pretrial Competency Evaluation by Western State Hospital).

This report was released only to the court, its officers and to others designated in statute and is intended for their use only. Any other use or distribution of this document is not authorized by the undersigned." The report stated that DeLauro agreed to participate in the evaluation after being informed of its nonconfidential nature, its purpose, and the parties who would receive a copy of the report. The report concluded that DeLauro was not competent.

¶7 At a hearing on June 24, after examining the report, the court entered an order finding DeLauro incompetent. The report was attached to the order. The court ordered a 90-day commitment for the purpose of restoring DeLauro to competency. Another hearing was scheduled for the end of September. Western State Hospital was directed to prepare a new report.

¶8 The new report, dated September 22, 2009, is not in the appellate record, apparently because it was not filed in the superior court. Whether it should have been filed and made a matter of court record is the issue on appeal.

¶9 The hearing was continued to allow the defense to obtain an independent evaluation. At a hearing on October 15, 2009, the State, defense counsel, and DeLauro all spoke in support of a determination of competency. The State presented, and the court signed, findings of fact and conclusions of law establishing that DeLauro was competent to stand trial and to enter a plea to the charges. The court expressly stated that in addition to questioning the defendant and defense counsel, it had "read and considered" the September 22, 2009, report from Western State Hospital.[2]

¶10 The State moved to have the report placed in the court file. The motion was heard on November 20, 2009. The court ruled that the statutory procedures for competency proceedings were developed to safeguard the defendant's due process rights and were not intended to "open a particular defendant's entire history to public scrutiny."

---

[2] Clerk's Papers at 29-30 (Findings of Fact and Conclusions of Law Regarding Defendant's Competency (Oct. 15, 2009)).

> The procedures that have been established by the legislature allow for an evaluation to be done at a state hospital. I am struck by the anomaly of indicating that to protect the defendant's due process rights he necessarily, he or she, gives up the right to privacy under state statute and other case law and authority. I think that is not what was intended. I think the disclosure provisions of the state statute on competency evaluations to me clearly indicate that the reports are to be provided to the interested parties for the limited purpose of determining whether this person is competent to stand trial, therefore protecting the due process rights. And I am satisfied that the legislature could have said we are hereby abrogating the right to privacy in terms of medical and psychiatric records if that is what they intended. I am satisfied that is not what they intended.[3]

On December 9, 2009, the court entered an order denying the State's request to file the report. This order is before us on discretionary review.

¶11 "It is the policy of the courts to facilitate access to court records as provided by Article I, Section 10 of the Washington State Constitution." GR 31(a). "Court records" include any document "maintained by a court in connection with a judicial proceeding." GR 31(c)(4). According to DeLauro, the report of his evaluation is not maintained by the court and therefore it is not a "court record." Because there is no right of public access to the report, he argues, it does not have to be filed.

¶12 DeLauro may be correct that there is no express directive in statute or court rule requiring that a competency report be placed in the court file. The statute says the facility conducting the evaluation shall "provide" the report to the court. It does not say the report shall be "filed" or otherwise maintained by the court.

¶13 But DeLauro has not shown a basis for avoiding the state constitutional mandate that justice "in all cases shall be administered openly." WASH. CONST. art. I, § 10.

---

[3] Report of Proceedings (Nov. 20, 2009) at 18-19.

This guaranty of public and press access to judicial proceedings applies in both civil and criminal cases. *Dreiling v. Jain*, 151 Wn.2d 900, 908, 93 P.3d 861 (2004). The operations of the courts and the judicial conduct of judges are matters of utmost public concern. *Dreiling*, 151 Wn.2d at 908. Documents filed with the court that become part of a judge's decision-making process may not be kept from public view without some overriding interest requiring secrecy. *Dreiling*, 151 Wn.2d at 909-10; *Rufer v. Abbott Labs.*, 154 Wn.2d 530, 549, 114 P.3d 1182 (2005).[4]

¶14 On the basis of *Dreiling* and *Rufer*, the State frames the issue as "what information was presented to and considered by the judge." The order denies the motion to file the report even while it recognizes the report was "used to assess competency" in DeLauro's case.[5] Because the trial court "read and considered" the Western State Hospital report in the process of deciding that DeLauro was competent, the State contends the report must be filed and maintained by the court so that it can be available for public review.

¶15 DeLauro responds that the trial court did not need to read and consider the report. At the hearing on October 15, 2009, both parties agreed DeLauro was competent. DeLauro reasons that because his competency was not contested, the trial court did not need to make a decision and therefore the order reciting that the court "read and considered" the report from Western State Hospital is mere surplusage that does not implicate *Dreiling* and *Rufer*.

---

[4] *Cf. Tacoma News, Inc. v. Cayce*, 172 Wn.2d 58, 256 P.3d 1179 (2011) (The transcript of a deposition to preserve testimony taken in a courtroom with the trial judge present was not subject to disclosure under article I, section 10 because the deposition was mere discovery—it never became part of the decision-making process.); *Bennett v. Smith Bunday Berman Britton, PS*, 156 Wn. App. 293, 302, 234 P.3d 236 (2010) (Like raw discovery, unread documents filed in support of a withdrawn summary judgment motion are not subject to disclosure under article I, section 10 where they did not become part of the court's decision-making process.), *review granted*, 170 Wn.2d 1020, 245 P.3d 774 (2011).

[5] Clerk's Papers at 106.

¶16 We are not persuaded that the trial court no longer needed to make a decision about DeLauro's competency. It is true that a court is not obliged to determine a defendant's competency when there is no factual basis for doubting it in the first place. *State v. Lord*, 117 Wn.2d 829, 901, 822 P.2d 177 (1991), *cert. denied*, 506 U.S. 856 (1992); *City of Seattle v. Gordon*, 39 Wn. App. 437, 441, 693 P.2d 741, *review denied*, 103 Wn.2d 1031 (1985). These two cases, cited by DeLauro, do not have any bearing in this case because here the trial court did initially make the threshold determination that there was reason to doubt DeLauro's competency and did, on June 24, 2009, find that he was incompetent. Before DeLauro could stand trial or plead guilty, the trial court had to decide he was competent in order to dispel the doubt inherent in the court's earlier orders.

¶17 DeLauro's stipulation that he was competent did not alter the trial court's obligation. Under *Heddrick*, a defendant may waive the completion of the statutory procedures for determining competency, such as an evidentiary hearing in which forensic reports are entered into evidence, but "competency in substance cannot be waived." *Heddrick*, 166 Wn.2d at 907. A defendant's stipulation to competency and counsel's representation of medical findings "can erase doubt in the court's mind." *Heddrick*, 166 Wn.2d at 908. Still, nothing in the statute or in *Heddrick* indicates that when a defendant withdraws an earlier challenge to competency and professes himself fit to stand trial, a court is freed from the responsibility of making its own independent decision.

¶18 Even if a trial court may choose not to read or consider a report provided at the court's request, that is not what happened in this case. In the findings of fact and conclusions of law that established DeLauro's competency, the trial court stated that it did read and consider the Western State Hospital forensic report. In the order denying the State's motion to file the report, the court stated

that the report was used to assess competency. These statements cannot be ignored as surplusage. Because the report was part of the court's decision-making process, it is subject to article I, section 10.

¶19 A forensic report on competency is not ordinarily available to the public. The evaluating facility may make available any report made pursuant to chapter 10.77 RCW only to specific persons identified in RCW 10.77.210. A report considered by the court in determining competency will therefore be available for public review only if the court maintains it in the court file. Applying the rationale of *Dreiling* and *Rufer*, we conclude the trial court erred by denying the State's motion to file the competency report.

¶20 Our decision does not necessarily mean the report will be open to public review. We are not deciding that the defendant's privacy concerns are insubstantial. DeLauro may still move under GR 15 to seal or redact the document if he can satisfy the five-factor balancing test set forth in *Seattle Times Co. v. Ishikawa*, 97 Wn.2d 30, 37-39, 640 P.2d 716 (1982).

¶21 Reversed.

Cox and Appelwick, JJ., concur.