# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| In the Matter of the Dependency of | ) | No. 72936-5-I |
| | ) | |
| D.Y., | ) | DIVISION ONE |
| DOB: 04/21/14, | ) | |
| | ) | UNPUBLISHED OPINION |
| Minor Child. | ) | |
| | ) | FILED: September 28, 2015 |

BECKER, J. — In this appeal from an order of dependency, the mother argues for the first time that the court's dispositional procedures denied her due process. Errors allegedly affecting constitutional rights cannot be raised for the first time on appeal unless the appellant makes a plausible showing that the error had practical and identifiable consequences in the trial. The mother has not made that showing. We affirm.

The mother has five children, including D.Y. When D.Y. was born, the other children were all in active dependencies due to her mental health issues and substance abuse.

Fifteen hours after D.Y.'s birth, the mother tested positive for amphetamines. D.Y. was treated in a pediatric intensive care center for symptoms consistent with prenatal amphetamine exposure.

The Department of Social and Health Services (Department) filed a dependency petition as to D.Y. During the fact-finding hearing, counsel and the

court agreed that evidence would be presented for both fact-finding and

dispositional purposes:

> [ASSISTANT ATTORNEY GENERAL]: And, Your Honor, actually, I haven't raised this before, but it is my habit when *presenting the testimony of a social worker to do a portion that is directed to the dependency issue and then a separate portion that is directed to the dispositional issues.* And I know that there are different evidentiary requirements --
> THE COURT: Right.
> [ASSISTANT ATTORNEY GENERAL]: -- that apply to each. Normally, *it's just more efficient to put on the social worker first and then say, okay, now, we're turning to dispositional issues.* I don't know if Counsel will have an objection to that or --
> THE COURT: It certainly makes the presentation more efficient to do it that way. I don't hear an objection, if there is one.
> [DEFENSE COUNSEL]: *I would agree,* Your Honor. *There's not an objection,* as long as Counsel has been given a little bit of a latitude with regard to my evidentiary objections. So I still want an opportunity to object. *And then if [the assistant attorney general] needs to distinguish that a portion of the testimony is being offered for the specific purpose of a potential dispositional issue.*
> THE COURT: Okay. *Well, let's try to keep it simple by reserving time at the end of your direct to do the dispositional questions --*
> [ASSISTANT ATTORNEY GENERAL]: Okay.

(Emphasis added.)

At the close of the evidence, the court informed counsel of the procedure

going forward:

> THE COURT: . . . I won't be making a decision today. What I will do after the hearing has ended is to review the documents that have been admitted in evidence, carefully go over all my notes, *and then I'll write up an opinion.* And I can't promise when that's going to be, but it will be as soon as possible.
> [DEFENSE COUNSEL]: Thank you, Your Honor.
> [ASSISTANT ATTORNEY GENERAL]: And, Your Honor, two parts in regards to that. *One is that if it is at all possible, it would be very helpful to have it before October 7th because there is a review hearing in which many of these issues have been*

2

*addressed by declaration, and so for the reviewing court to know that this Court has made the determination would be very helpful for purposes of that review hearing.*

And the second thing is that *I have prepared a proposed order,* and I would like to provide it to the Court and to the parties *with the expectation that, you know, there might be additional input, however the Court wanted to hear that from the parties. . . . .*

. . . .

[DEFENSE COUNSEL]: And, Your Honor, if I just may add to [the Attorney General's] statements. *As far as the Department's position regarding the helpfulness of getting a ruling from this Court on this dependency matter regarding the dependency of [S.Y.] in the upcoming [review] hearing, we're in complete agreement with that.* There are a number of disputed issues that Your Honor spent a lot of time hearing testimony on. I think it would be very helpful to the Court to know what this Court's decision is and the specific --

THE COURT: Okay.

[DEFENSE COUNSEL]: -- findings of this Court.

. . . .

THE COURT: So your -- as far as your proposed order is concerned, have you circulated that? Are you going to circulate?

[ASSISTANT ATTORNEY GENERAL]: I have not yet --

THE COURT: Okay. Okay.

[ATTORNEY GENERAL]: -- which is --

THE COURT: *At the end of this hearing, maybe you can circulate [a proposed order], and then if anyone else wants to present anything in writing in response to that or their own proposed order, I would accept that,* as well.

[ASSISTANT ATTORNEY GENERAL]: *So what I think I'll do is I'll email a copy to the Court and to the parties, and that way, everybody --*

THE COURT: That would be fine.

[ASSISTANT ATTORNEY GENERAL]: -- *can chip in and start redlining.*

THE COURT: Okay. Right.

[CASA]: Your Honor, if I could, too, just remind everyone since I'm going on leave, everything needs to go to CASA.group because that way, they'll route it to one of the CASA program attorneys.

(Emphasis added.)

That same day, the assistant attorney general e-mailed defense counsel and the CASA a "proposed order of dependency *and disposition* concerning the trial that concluded today." (Emphasis added.) The e-mail reiterated that the court had indicated

> that it would take the matter under advisement *and consider proposed orders, or comments on proposed orders, submitted by the parties.*
> The hope was to have an order entered prior to the dependency review on the sibling scheduled for 10/07/14, but if it is not possible to have an order entered before the hearing the court indicated that it would let [the Commissioner hearing the sibling's review hearing] know that a decision was pending and that the review hearing should be continued.

(Emphasis added.)

On October 3, 2014, the parties received an e-mail indicating that the CASA had reviewed the proposed order "and has no proposed changes or comments."

On October 17, 2014, the court issued an order declaring D.Y. dependent. Paragraph 4.3 of the order states that "a dispositional hearing was held."

For the first time on appeal, the mother contends the trial court violated her statutory and constitutional rights by failing to hold a separate dispositional hearing following the entry of its findings of fact. Appellate courts generally do not consider issues raised for the first time on appeal. State v. Kirkman, 159 Wn.2d 918, 926, 155 P.3d 125 (2007). There is an exception, however, for "manifest error affecting a constitutional right." RAP 2.5(a)(3); In re Adoption of M.S.M.-P., 181 Wn. App. 301, 312, 325 P.3d 392 (2014), review granted, 182

4

Wn.2d 1001 (2015). To establish *manifest* error, an appellant must demonstrate actual prejudice, which requires a plausible showing that the asserted error had practical and identifiable consequences in the trial of the case. Kirkman, 159 Wn.2d at 935. It is the appellant's burden to demonstrate grounds for raising an issue for the first time on appeal. State v. Grimes, 165 Wn. App. 172, 185-86, 267 P.3d 454 (2011), review denied, 175 Wn.2d 1010 (2012).

Despite the well-established requirements of RAP 2.5(a) and the State's argument that they are not satisfied here, the mother fails to address the rule or respond to the State's arguments. She thus fails to carry her burden.

In any event, our review of the record reveals no *manifest* constitutional error warranting review for the first time on appeal. It is undisputed that dependency proceedings involve constitutional rights that are protected by due process, and that the mother had the right to notice, an opportunity to be heard, and the right to be represented by counsel. In re Welfare of Key, 119 Wn.2d 600, 609-11, 836 P.2d 200 (1992), cert. denied, 507 U.S. 927 (1993). It is also undisputed that RCW 13.34.110 requires a fact-finding hearing and a disposition hearing following the entry of findings in dependency proceedings. RCW 13.34.110(1), (4) ("The court shall hold a fact-finding hearing on the petition" and "immediately after the entry of the findings of fact, the court shall hold a disposition hearing.") The mother contends the trial court's failure to hold a dispositional hearing following the entry of its findings of fact amounted to a violation of due process. But even assuming she is correct, the alleged

constitutional error cannot be raised for the first time on appeal because it is not manifest and, in any event, was invited.

As noted above, the parties and the court agreed to combine the fact-finding and disposition hearings into one hearing. They agreed that witnesses would testify to dependency and dispositional facts and that different rules of evidence and cross-examination would apply depending on the testimonial subject. That is, in fact, how the hearing was conducted. For example, after questioning a social worker about issues pertaining to the dependency, the assistant attorney general told the court "that finishes my questions regarding the dependency. And if I may, I would like to proceed on now specifically the questions regarding dispositional issues." The social worker then testified to D.Y.'s placement, visitation, and services for the mother. After the Department rested, the mother had an opportunity to present her own witnesses.

During closing arguments, the assistant attorney general addressed both the dependency and dispositional issues. Although counsel for the mother chose to focus on the dependency issues, he had every opportunity to address dispositional issues at that point.

At the end of the hearing, counsel agreed that it would be helpful if the court could issue a final decision before an upcoming review hearing in a related matter. To facilitate an expedited decision, counsel and the court agreed that the assistant attorney general would circulate a proposed order for comments and objections. The court would then consider the order and any written comments

6

or other proposed orders from the parties before making a decision. E-mails in the record indicate that this procedure was followed. Although the record is silent as to whether counsel commented on, or proposed alternatives to, the Department's proposed order, it is clear that counsel had that opportunity.

The mother thus received a full opportunity to be heard on any dispositional issues both during the combined fact-finding and dispositional hearing and during the vetting of the proposed dispositional order. Her arguments to the contrary are either not persuasive or contrary to the record. For instance, she claims she received no notice that the court "would not be hearing argument on dispositional conditions after making its written findings of fact" and had no "opportunity to provide further input" into the conditions of dependency. But as our previous discussion and quotations from the record demonstrate, both claims are contrary to the record. And while she claims there were arguments and evidence she might have offered at a separate dispositional hearing, she nowhere explains why she could not offer them at either the combined fact-finding and dispositional hearing or during the posthearing commentary period on the proposed order. There is no manifest constitutional error.

In addition, any error was invited and/or waived. Under the invited error doctrine, a party may not set up an error at trial and then complain of it on appeal. In re Dependency of K.R., 128 Wn.2d 129, 147, 904 P.2d 1132 (1995). "To determine whether the invited error doctrine is applicable to a case, we may consider whether the petitioner 'affirmatively assented to the error, materially

contributed to it, or benefited from it.'" In re Pers. Restraint of Copland, 176 Wn. App. 432, 442, 309 P.3d 626 (2013) (quoting State v. Momah, 167 Wn.2d 140, 154, 217 P.3d 321 (2009)), review denied, 182 Wn.2d 1009 (2015). In this case, trial counsel agreed to a combined fact-finding and dispositional hearing with a posthearing opportunity to comment via e-mail on a proposed disposition order. The mother thus materially contributed to any error and is now barred from raising the error even if it affects a constitutional right. State v. Heddrick, 166 Wn.2d 898, 909, 215 P.3d 201 (2009). Her agreement to different procedures for disposition also waived her right to a separate hearing even if a separate hearing is normally required for purposes of due process. Heddrick, 166 Wn.2d at 908-09 (statutory competency procedures, though required by due process where competency is challenged, may be waived); State v. Mollichi, 132 Wn.2d 80, 88-89, 936 P.2d 408 (1997) (the requirement that restitution be set in a disposition hearing may be waived).

Affirmed.

Becker, J.

Trickey, J.

Appelwick, J.