IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 34786-9-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| CARLOS HERNANDEZ, II, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, A.C.J. — Carlos Hernandez challenges his convictions for third degree

rape of a child, third degree child molestation, firearm-related charges, and distribution of

a controlled substance to a minor with sexual motivation. We affirm.

No. 34786-9-III
*State v. Hernandez*

FACTS

In early January 2015, 14-year-old A.G.[1] visited the home of family friends Carlos

Hernandez and Jessica Cobb under the auspices of a request to babysit. While at the

home, A.G. was provided methamphetamine by Mr. Hernandez. A.G. also engaged in

sexual activities with Mr. Hernandez and Ms. Cobb, including sexual intercourse with

Mr. Hernandez.

Later that day, A.G. reported the incident to her mother and then the police.

A search of Mr. Hernandez's residence and vehicle uncovered several firearms. Mr.

Hernandez was eventually charged with third degree rape of a child, third degree child

molestation, 12 firearm-related charges, distribution of a controlled substance to a minor

with sexual motivation, and witness intimidation.

Mr. Hernandez was initially represented by appointed counsel. Two months later,

Mr. Hernandez hired a private attorney, John Crowley, to represent him. A few months

after that, the State joined and consolidated Mr. Hernandez's case with that of his

codefendant, Ms. Cobb.

---

[1] To protect the privacy interests of A.G., a minor, we identify her only through the use of initials. General Order of Division III, *In Re the Use of Initials or Pseudonyms for Child Victims or Child Witnesses* (Wash. Ct. App. June 18, 2012), http://www.courts.wa.gov/appellate_trial_courts/?fa=atc.genorders_orddisp&ordnumber= 2012_001&div=III.

Approximately seven months after appearing for Mr. Hernandez, Mr. Crowley moved ex parte and in camera to withdraw from representation. The motion was supported by a sealed declaration that has not been made a part of the record on appeal. The court granted Mr. Crowley's motion, and Mr. Hernandez attempted to hire another private attorney, Julie Anderson, to replace Mr. Crowley. Mr. Hernandez was unable to hire Ms. Anderson, so the court eventually reappointed Mr. Hernandez's original public defender to represent him.

Almost three months after reappointment of Mr. Hernandez's original counsel, Mr. Hernandez brought a motion to reconsider the court's order allowing Mr. Crowley's withdrawal. The trial court denied this motion on the merits and because it was untimely.

On the morning of trial, Mr. Hernandez asked to represent himself. After engaging Mr. Hernandez in a colloquy regarding his rights, the court granted Mr. Hernandez's request and appointed his public defender as standby counsel.

A.G. was the first witness to testify for the State. After Mr. Hernandez finished cross-examining A.G., he reserved the right to recall her as a witness in his case-in-chief. Mr. Hernandez identified specific areas of questioning that he claimed justified recalling A.G. as a witness. A few days into trial, Ms. Cobb and the State reached a plea agreement, and Ms. Cobb testified as a State witness.

3

At the beginning of the tenth day of trial, Mr. Hernandez notified the trial court of a recent issue that had developed in his case. Mr. Hernandez stated he thought he overheard a corrections officer, Brian Kisler, improperly discussing his case with defense witness Paul Holland, who was incarcerated. The State presented testimony from Officer Kisler, outside the presence of the jury, describing what had occurred. According to Officer Kisler, he had merely encouraged Mr. Holland to be truthful. When Mr. Holland was called as a defense witness, he asserted his right to silence under the Fifth Amendment to the United States Constitution and did not testify.

Also on the tenth day of trial, Mr. Hernandez called A.G. back to the stand as a witness during his case-in-chief. After Mr. Hernandez began questioning A.G., she asked to take a break, then left the courthouse due to a family emergency. The court noted that Mr. Hernandez was allowed to call A.G. back as a witness when she returned.

Mr. Hernandez continued questioning A.G. the following day. After the court sustained several objections to Mr. Hernandez's questions, the State moved to terminate A.G.'s examination under ER 611. The court ruled Mr. Hernandez would be allowed to continue questioning, but Mr. Hernandez was warned that A.G.'s examination would be terminated if Mr. Hernandez continued questioning A.G. on matters that were irrelevant or repetitive.

Subsequent to the court's warning, Mr. Hernandez engaged in a verbal outburst. Courtroom security became involved, and Mr. Hernandez was found in contempt. The court imposed 15 days' imprisonment as Mr. Hernandez's contempt sanction. The court warned Mr. Hernandez that if his behavior continued, a more significant sanction would be ordered.

After Mr. Hernandez's outburst, A.G.'s mental state deteriorated and she refused to testify. The State again moved to terminate A.G.'s testimony under ER 611. The trial court did not grant the State's motion immediately. Instead, Mr. Hernandez was provided the opportunity to proffer a list of questions that he still wished to pose to A.G. After reviewing Mr. Hernandez's list, the court determined the questions identified by Mr. Hernandez were either cumulative or irrelevant. The court then excused A.G. from further testimony.

At the end of trial, the jury found Mr. Hernandez guilty of all the charges except witness tampering. The court sentenced Mr. Hernandez as a persistent offender to life without the possibility of early release. Mr. Hernandez timely filed his notice of appeal.

After Mr. Hernandez filed his notice of appeal, he filed a motion for new trial in the trial court. In a declaration accompanying the motion, Mr. Hernandez accused Officer Kisler of improperly discussing the case with Mr. Holland and intimidating him into

refusing to testify. Mr. Hernandez's appellate counsel noted the motion for hearing, but the hearing was subsequently struck. The trial court record indicates Mr. Hernandez's motion was never renoted or heard by the trial court.

## ANALYSIS

*Termination of Mr. Hernandez's direct examination of A.G.*

Mr. Hernandez argues that the trial court's termination of his examination of A.G. was (1) a contempt sanction in violation of chapter 7.21 RCW and (2) a violation of his right to confrontation.[2]

Mr. Hernandez's arguments are predicated on a mischaracterization of the record. The trial court did not exclude A.G.'s testimony as part of its contempt sanction. The contempt sanction only involved 15 days' confinement. At the time the sanction was imposed, A.G. had not been excused from testifying. The court's eventual decision to terminate Mr. Hernandez's examination of A.G. was a separate ruling altogether.

The trial court's decision to terminate A.G.'s examination did not infringe on Mr. Hernandez's right of confrontation. Mr. Hernandez was able to fully question A.G. on cross-examination during the State's case-in-chief. The court then provided further accommodation and allowed Mr. Hernandez to call A.G. as a direct witness in his case-

---

[2] U.S. CONST. amend. VI; WASH. CONST. art. I, § 22.

in-chief. By the time A.G. was excused from further testimony, Mr. Hernandez had exhausted the areas of questioning that had prompted the trial court to allow him to call A.G. as a defense witness. The trial court had a duty to protect A.G. from "harassment or undue embarrassment." ER 611(a). The court properly exercised this duty by terminating Mr. Hernandez's questioning of A.G.

*Mr. Hernandez's right to counsel*

Mr. Hernandez contends the trial court deprived him of the right to counsel during a critical stage in the proceedings within the period after Mr. Crowley withdrew. Even though Mr. Hernandez had advised the court that he was attempting to retain private counsel, Mr. Hernandez now claims the court should have immediately provided appointed counsel upon granting Mr. Crowley's motion to withdraw. Mr. Hernandez argues that because he did not have counsel immediately after Mr. Crowley's withdrawal, his attorney was unable to file a timely motion for reconsideration of the court order permitting withdrawal.

Regardless of whether the trial court should have provided counsel on an earlier date, Mr. Hernandez has failed to show that the period subsequent to Mr. Crowley's withdrawal was a critical stage in his proceedings. Mr. Hernandez was able to file a motion for reconsideration of the court's withdrawal order after he received appointed

counsel. The trial court considered Mr. Hernandez's motion and denied it not only because it was tardy (the motion was filed several months after the appearance of appointed counsel), but also on the merits. Mr. Hernandez has failed to show that his motion for reconsideration would have met a different fate had it been filed during the time that he was without counsel. Because Mr. Hernandez has not demonstrated that he lost any rights or defenses as a result of the delayed appointment of counsel, he is not entitled to relief. *See State v. Heddrick*, 166 Wn.2d 898, 910, 215 P.3d 201 (2009).

*Provision of Ms. Cobb's recorded statements via CrR 4.7*

Mr. Hernandez argues he was denied a fair trial because he was not provided Ms. Cobb's written or recorded statements pursuant to CrR 4.7(a)(1)(i) and (ii). In doing so, he argues the trial court erred when it denied his motion to dismiss under CrR 4.7(h)(7). We review a trial court's ruling on Mr. Hernandez's request for a discovery sanction for abuse of discretion. *State v. Woods*, 143 Wn.2d 561, 582, 23 P.3d 1046 (2001).

CrR 4.7(a)(1)(i) requires the State to provide written or recorded statements of a prosecution witness as well as the substance of any oral statements. The State complied with this rule. Mr. Hernandez was provided a copy of the recording of Ms. Cobb's interview. The interview recording gave Mr. Hernandez a summary of Ms. Cobb's

anticipated testimony. Nothing further was required.[3]

Despite the compliance with CrR 4.7(a)(1)(i), Mr. Hernandez also appears to claim the State violated CrR 4.7(a)(1)(ii) because it did not provide him a summary of Ms. Cobb's interview. CrR 4.7(a)(1)(ii) pertains to statements made by the defendant or a codefendant. It requires the State to disclose the substance of any oral statements made by a codefendant, regardless of whether the statement was recorded. At the time Ms. Cobb engaged in the interview, she was still a codefendant. She had not yet been designated as a State witness. Thus, Mr. Hernandez suggests the State violated the terms of the rule by failing to disclose the substance of Ms. Cobb's interview during the time that she remained a codefendant.

The trial court appropriately declined to issue a sanction for the State's purported violation of CrR 4.7(a)(1)(ii). The State had nearly concluded its case-in-chief by the time Ms. Cobb decided to cooperate. In disclosing Ms. Cobb's recorded interview, the State provided Mr. Hernandez the substance of Ms. Cobb's oral interview. This was done prior to Ms. Cobb's trial testimony or any reference to her statements during the

---

[3] To the extent Mr. Hernandez claims he was unable to listen to the recording of Ms. Cobb's interview due to the limitations placed on him in custody, that issue is resolved by Mr. Hernandez's claim that he was denied access to resources to prepare/present his defense.

interview. The State had a due process obligation to provide Mr. Hernandez with any

inconsistencies in Ms. Cobb's statements. *Brady v. Maryland*, 373 U.S. 83, 87, 83 S. Ct.

1194, 10 L. Ed. 2d 215 (1963); *State v. Mullen*, 171 Wn.2d 881, 894, 259 P.3d 158

(2011). However, the State represented that Ms. Cobb's statements were consistent.

Thus, there was nothing to disclose. Given these circumstances, and the fact that Mr.

Hernandez was afforded an opportunity to interview Ms. Cobb, the State adequately

complied with its discovery obligations.

*Mr. Hernandez's access to resources to prepare/present his defense*

Mr. Hernandez contends he was denied a fair trial because the trial court failed to

ensure that he had reasonable access to research materials and time so that he could

adequately prepare his defense. The appellate record is insufficient to assess the merits of

Mr. Hernandez's claim. As such, his complaint is more properly brought through a

personal restraint petition. Relief on direct appeal is unwarranted. *State v. McFarland*,

127 Wn.2d 322, 335, 899 P.2d 1251 (1995).

*Witness intimidation*

Mr. Hernandez argues he was deprived of his right to a fair trial when corrections

officer Brian Kisler purportedly intimidated defense witness Paul Holland. Again, the

record lacks sufficient facts to review Mr. Hernandez's claim. The appropriate forum

for this claim is a personal restraint petition, not a direct appeal. *Id.*

### STATEMENT OF ADDITIONAL GROUNDS FOR REVIEW (SAG)

Mr. Hernandez raises several arguments in his SAG (claims two, three, four and

five) that are repetitive of arguments adequately raised by counsel both in this appeal and

a companion case, *State v. Hernandez*, No. 34816-4-III. Those contentions do not merit

separate review.

Mr. Hernandez's first SAG argument appears merely to clarify terminology used

by A.G. regarding marijuana. While Mr. Hernandez's point may have been relevant to

A.G.'s credibility at trial, it is not a ground for relief on appeal.

Mr. Hernandez's sixth SAG argument deals with the interruption in A.G.'s

testimony during his case-in-chief when A.G. purportedly left for a family emergency.

The trial court resolved this issue by granting Mr. Hernandez leave to call A.G. back as a

witness. Given this circumstance, Mr. Hernandez has not established any type of error.

Mr. Hernandez's sixth and seventh SAG arguments pertain to a recorded

pretrial interview of A.G. by defense counsel and a defense investigator  The record

before us indicates both defense counsel and counsel for the State worked to provide

Mr. Hernandez the substance of A.G.'s interview by transcribing the recording. The

court also allowed Mr. Hernandez to call A.G. as a defense witness in order to address issues discovered through the defense interview. Mr. Hernandez has not demonstrated that he was deprived of a fair trial based on issues surrounding A.G.'s pretrial interview.

## CONCLUSION

The judgment and sentence is affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, A.C.J.

WE CONCUR:

_____          _____
Siddoway, J.                                      Fearing, J.