# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 58688-6-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| SOPHIA NATASHA NELSON, fka AUSTIN MOORES-NELSON, | |
| Appellant. | |

CHE, J. — Nelson appeals the resentencing for her first degree animal cruelty conviction. Nelson filed a personal restraint petition (PRP) seeking relief from an unlawful firearm enhancement on her animal cruelty conviction, among other claims. Division Three agreed that the firearm sentencing enhancement was improper and remanded for "resentencing in light of the erroneous application of the firearm's enhancement."[1]

At the resentencing hearing, the State and the trial court believed that the remand was limited to correcting the erroneous firearm enhancement. Defense counsel requested the enhancement be struck and raised arguments regarding legal financial obligations (LFOs). The court imposed the same sentence absent the firearm enhancement.

Nelson appeals, arguing that (1) the appellate court's opinion and mandate entitled her to de novo resentencing where she could present argument based on rehabilitation and the mitigating qualities of youth, (2) the trial court erred in not considering her mitigating qualities

---

[1] *In re Pers. Restraint of Nelson*, No. 37983-3-III, slip op. at 20 (Wash. Ct. App. Aug. 19, 2021) (unpublished), https://www.courts.wa.gov/opinions/pdf/379833_unp.pdf.

of youth, (3) she received ineffective assistance of counsel, (4) her right to counsel was violated because she could not exercise her right to confer privately with her attorney, and (5) certain discretionary LFOs should be eliminated.

We hold that (1) our scope of appeal is limited to the issue raised in the PRP and error identified in the Division Three opinion—the striking of the erroneous firearm enhancement, (2) Nelson's counsel did not provide ineffective assistance, and (3) any error related to Nelson's right to confer with counsel was harmless beyond a reasonable doubt. We accept the State's concession that we should strike the victim penalty assessment (VPA) and the DNA collection fee but otherwise affirm the sentence. The remainder of Nelson's arguments fail.

FACTS

In 2016, the State charged Nelson, a 19 year old, with first degree murder, first degree burglary, first degree animal cruelty, and second degree malicious mischief. Nelson pleaded guilty to the crimes charged.

The trial court sentenced Nelson to 512 months total, a high-end standard range sentence. The trial court imposed firearm sentencing enhancements on the murder, burglary, and animal cruelty convictions. The trial court also imposed the VPA and the DNA collection fee. Subsequently, the trial court entered a restitution order. In 2017, Nelson filed a PRP arguing:

> (1) that the application of the firearms enhancement to [her] animal cruelty conviction was error, (2) the victim statements by persons employed in the court system created bias and violated [her] due process rights, (3) the court imposed an exceptional sentence without sufficient findings of fact or conclusions of law, (4) [] Nelson's sentencing range was miscalculated because several convictions should have been counted as "same criminal conduct," (5) [her] attorney's failure to object to these errors constitutes ineffective assistance of counsel, and (6) [her] plea was involuntary.

*In re Pers. Restraint of Nelson*, No. 37983-3-III, slip op. at 1.

Division Three agreed that a firearm enhancement was unlawfully added to Nelson's animal cruelty conviction, and that error entitled her to "resentencing in light of the erroneous application of the firearm's enhancement" and it rejected the remaining claims. Clerk's Papers (CP) at 56. The opinion stated at several points that Nelson was entitled to resentencing, without including the "in light of . . ." qualifier. In May 2022, Division Three entered its mandate requiring "further proceedings in accordance with the attached . . . Opinion." CP at 36.

At the resentencing hearing, Nelson appeared in custody via video conferencing. The trial court did not establish a communication procedure between Nelson and defense counsel who appeared in the courtroom. The State argued that the scope of the mandate implicated only the erroneous firearm enhancement, and so, the trial court should impose the same sentence absent the erroneous firearm enhancement. The trial court agreed with the State.

Nelson requested that the trial court remove the erroneous firearm enhancement, waive the interest on the restitution, and strike the DNA fee. Defense counsel did not address Nelson's incarceration time beyond the request to remove the erroneous firearm enhancement. The court heard Nelson's allocution.

The trial court judge stated that he was the original trial court judge and he recalled Nelson's hard childhood, arduous background, youth at the time of the crimes, and the heinousness of the crimes. The court then struck the erroneous firearm enhancement and imposed the original sentence less the erroneous firearm enhancement for a total of 494 months. Finally, the court found Nelson to be "indigent as defined in RCW 10.101.010(3)(a)-(d)," but imposed the VPA, the DNA fee, and restitution interest, noting that the restitution interest issue may be addressed upon release. CP at 61.

Nelson appeals.

## ANALYSIS

### I. SCOPE OF RESENTENCING

Nelson argues that she was entitled to a de novo resentencing hearing. The State argues that Nelson is precluded from appealing the resentencing because, among other reasons, the scope of remand was limited to a ministerial correction—vacating the erroneous firearm enhancement.[2] We agree with the State.

A PRP is the procedural mechanism for defendants to raise collateral attacks on their convictions in appellate courts. *In re Pers. Restraint of Coats*, 173 Wn.2d 123, 132, 267 P.3d 324 (2011). In the context of a collateral attack, an error in the judgment and sentence does not permit a petitioner "to circumvent other carefully crafted time limits on collateral review." *Id.* at 134. "The trial court's discretion to resentence on remand is limited by the scope of the appellate court's mandate." *State v. Kilgore*, 167 Wn.2d 28, 42, 216 P.3d 393 (2009).

The error identified on appeal determines the remedy ordered by this court; thus, the scope of the trial court's discretion on remand is determined by the aforementioned error. *See, e.g.*, *State v. Collicott*, 118 Wn.2d 649, 660, 827 P.2d 263 (1992); *State v. Collicott*, 112 Wn.2d 399, 412, 771 P.2d 1137 (1989) (plurality opinion) (scope of resentencing limited to redetermining the petitioner's offender score as error on appeal related to same criminal

---

[2] The State also argues that Nelson cannot appeal her sentence because (1) Nelson received a standard range sentence, (2) Nelson failed to object and does not meet the RAP 2.5(a) hurdle, (3) Nelson did not challenge the trial court's denial of her request for an exceptional sentence in her PRP, and (4) the trial court did not exercise independent judgment on remand. Because we agree with the State on the scope of appeal issue, we do not address the State's various other arguments for affirming.

conduct). And here, the only error in Nelson's case is the erroneous firearm enhancement on the animal cruelty charge. Therefore, there is no reason to order any remedy other than remand to strike that enhancement, and the superior court's discretion was limited to resentencing only on that basis.

Nelson argues that, "'unless the reviewing court restricts resentencing to narrow issues, any resentencing should be de novo,'" so the trial court may consider any matters relevant to sentencing, including those not previously raised. Br. of Appellant at 13 (quoting *State v. Dunbar*, 27 Wn. App. 2d 238, 244, 532 P.3d 652 (2023) (holding that the trial court erred in not considering evidence of Dunbar's rehabilitation)).

But *Dunbar* did not arise in the PRP context, and so, that case is not applicable here. Nelson's case began as a timely PRP. The scope of the remand and the current appeal is necessarily limited to the issues that were within the scope of the PRP and mandate.

Nelson argues that the trial court erred at resentencing by not considering her mitigating qualities of youth. But this issue is not part of Nelson's PRP nor is it addressed in the prior PRP opinion. Thus, consideration of the mitigating qualities of youth was not within the scope of the remand.

Nelson also argues that her counsel was ineffective because defense counsel failed to recognize that the mandate required de novo resentencing, and thus, failed to advocate for a reduction in Nelson's sentence based on Nelson's mitigating qualities of youth and rehabilitation during incarceration. Because we conclude that the mandate did not require de novo resentencing, Nelson fails to show that counsel's performance was deficient.

## II. RIGHT TO CONFER WITH COUNSEL

Nelson also argues for the first time on appeal that the trial court violated her right to counsel due to her inability to communicate privately with her attorney. The State concedes the violation but argues that it was harmless beyond a reasonable doubt. Because this argument is about the underlying process of the hearing on remand based on an issue raised within the scope of the PRP, this argument may be raised despite not being mentioned in the underlying PRP. We hold that any error relating to the right to confer was harmless.

The deprivation of the right to counsel is a fundamental constitutional claim that may be raised for the first time on appeal so long as the claim is manifest, which is required by RAP 2.5(a)(3). *State v. Anderson*, 19 Wn. App. 3d 556, 562, 497 P.3d 880 (2021).

"Under both the Sixth Amendment and article I, section 22 of the Washington Constitution, a criminal defendant is entitled to the assistance of counsel at 'critical stages' in the litigation." *Bragg v. State*, 28 Wn. App. 2d 497, 503, 536 P.3d 1176 (2023). "A 'critical stage' is one 'in which a defendant's rights may be lost, defenses waived, privileges claimed or waived, or in which the outcome of the case is otherwise substantially affected.'" *Id.* at 503-04 (internal quotation marks omitted) (quoting *State v. Heddrick*, 166 Wn.2d 898, 910, 215 P.3d 201 (2009)). Resentencing is a critical stage of the proceedings. *Anderson*, 19 Wn. App. 2d at 562.

"The constitutional right to the assistance of counsel 'carries with it a reasonable time for consultation and preparation,' which includes the 'opportunity for a private and continual discussions between [the] defendant and his attorney during the trial.'" *Bragg*, 28 Wn. App. 2d at 504 (quoting *State v. Hartzog*, 96 Wn.2d 383, 402, 635 P.2d 694 (1981)). The consultation with counsel must be meaningful, not seamless. *Id.*

We apply the constitutional harmless error analysis when a defendant is provided with counsel and there is a deprivation of the right to meaningfully and privately confer with that counsel. *State v. Dimas*, __ Wn. App. 3d __, 544 P.3d 597, 600-01 (2024).[3] Under this analysis, prejudice is presumed and the State must prove harmlessness beyond a reasonable doubt. *Anderson*, 19 Wn. App. 2d at 564. "If a court commits constitutional error, but the error would not have changed the outcome of the proceeding, such error is harmless." *Bragg*, 28 Wn. App. 2d at 512.

Here, while Nelson did not object to the infringement on her right to confer with counsel, the State concedes the error meets the exception to the error preservation rule under RAP 2.5(a)(3) because "it is not apparent how private attorney-client communication could have taken place during the hearing." Br. of Resp't at 44. The remaining question is whether the State proved that the error is harmless beyond a reasonable doubt.

In *State v. Anderson*, Division Three held that the deprivation of Anderson's right to confer with counsel was harmless beyond a reasonable doubt. 19 Wn. App. 2d 556, 564, 497 P.3d 880 (2021). Anderson received all forms of relief requested at his resentencing hearing. *Id*. Anderson argued "he might have asked his attorney to expand the scope of the hearing beyond the issues identified on remand." *Id.* But Division Three found that argument unpersuasive because, among other things, (1) they had the opportunity to confer prior to the hearing, and (2)

---

[3] Nelson asserts that the alleged error was structural, requiring automatic reversal. "Failure to have counsel present at a hearing constitutes structural error requiring automatic reversal if the hearing was a critical stage of the prosecution." *Dimas*, 544 P.3d at 600. But deprivation of the right to confer with counsel meaningfully and privately when the defendant is provided an attorney—as opposed to the right to be provided with counsel—does not trigger structural error analysis. *Id*. Because Nelson was provided with counsel, structural analysis is not applicable here.

"there are no plausible topics that the court may have been willing to reconsider beyond those already addressed." *Id.*

Here, the State met its burden of proving harmless error. Nelson obtained the relief identified by the mandate, striking the erroneous enhancement. Nelson obtained additional relief regarding LFOs. And while Nelson did not receive relief regarding restitution interest despite her counsel's request, which is addressed further below, there is no indication that attorney-client consultation would have affected the court's decision.

Nelson argues that, if she could have conferred with her attorney, she could have told the attorney to advocate for a lower sentence based on youth and rehabilitative efforts. This argument fails. First, Nelson presented her allocution wherein she emphasized her rehabilitation and her youth, referring to herself as a "very selfish kid," at the time of the offenses. Rep. of Proc. (RP) (Apr. 7, 2023) at 15. Second, Nelson did not raise this issue in her PRP and it is outside the scope of the remand. And the trial court understood that the remand was for a technical correction, not a de novo resentencing.

It is unclear how attorney-client consultation would have changed the court's sentence. The trial court recalled the facts of the case, reflected on Nelson's youth, and still opined that the same high-end sentence, absent the erroneous enhancement, was appropriate. Had Nelson encouraged her counsel to address the mitigating qualities of youth in this context, it would not have likely changed the outcome of the proceeding given the court's expressed opinions. We hold that the State met its burden to show that the error was harmless beyond a reasonable doubt.

### III. LFOs

Nelson argues that the VPA and the DNA should be stricken based on recent statutory changes. Because the State conceded that the VPA and the DNA fee should be stricken, we remand for the court to strike those LFOs.

Nelson also argues the trial court abused its discretion by failing to consider the RCW 10.82.090(2) factors before declining her request to waive restitution interest. Nelson requested the trial court waive restitution interest below. Because Nelson raised this issue below and the trial court addressed it, we address this contention on appeal. The State argues that the lower court only has to address the RCW 10.82.090(2) factors before waiving restitution interest, not if the court declines to waive restitution interest. We agree with the State.

In 2022, the legislature added a subsection in RCW 10.82.090 listing factors the courts must consider should it elect to waive restitution interest. LAWS OF 2022, ch. 260, § 12. Effective January 1, 2023, RCW 10.82.090(2) provides, "The court may elect not to impose interest on any restitution the court orders. *Before determining not to impose interest on restitution*, the court shall inquire into and consider the following factors." LAWS OF 2022, ch. 260, § 12 (emphasis added). Whether the RCW 10.82.090(2) factors apply when the court imposes restitution interest is a legal question, which we review de novo. *See State v. Glover*, 4 Wn. App. 2d 690, 694, 423 P.3d 290 (2018).

In *State v. Ellis*, the trial court declined to alter the interest imposed on restitution. 27 Wn. App. 2d 1, 5, 530 P.3d 1048 (2023). RCW 10.82.090(2) was amended during the pendency of Ellis's appeal. *Ellis*, 27 Wn. App. 2d at 16. Our court remanded "for the trial court to address whether to impose interest on the restitution amount under the factors identified in

RCW 10.82.090(2)" as we determined that the amendment to RCW 10.82.090(2) applies to cases on direct appeal. *Ellis*, 27 Wn. App. 2d at 16.

Unlike *Ellis*, resentencing in this case occurred after the amendment to RCW 10.82.090(2) took effect. Therefore, at the time of Nelson's resentencing, the trial court had the opportunity to apply the statutory factors should it have elected to waive the restitution interest under RCW 10.82.090(2). However, the trial court did not exercise that discretion; instead, it merely declined to waive restitution interest at that time. If the trial court had determined to waive imposition of restitution interest, the statute would have required the trial court to consider certain factors prior to doing so. RCW 10.82.090(2). Because the trial court declined to waive the restitution interest—a decision made within its discretion—the court was not required to expressly discuss and apply the RCW 10.82.090(2) factors upon resentencing. We hold that the trial court did not err by not considering those factors.[4]

CONCLUSION

We affirm the sentence but remand for the court to strike the VPA and DNA collection fee.

---

[4] Finally, because we remand for the limited purpose of striking the VPA and the DNA fee, we need not address Nelson's argument for a new judge on remand. *State v. McEnroe*, 181 Wn.2d 375, 387, 333 P.3d 402 (2014) ("[E]ven where a trial judge has expressed a strong opinion as to the matter appealed, reassignment is generally not available as an appellate remedy if the appellate court's decision effectively limits the trial court's discretion on remand.").

No. 58688-6-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Che, J.

We concur:

_____
Glasgow, J.

_____
Veljacic, A.C.J.